PACHULSKI STANG ZIEHL & JONES LLP
Debra I. Grassgreen (CA Bar No. 169978)
Jason H. Rosell (CA Bar No. 269126)
One Sansome Street, Suite 3430
San Francisco, California 94104
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail: dgrassgreen@pszjlaw.com
jrosell@pszjlaw.com

[Proposed] Counsel to the Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION,<br><br>Debtor. | Case No. 23-30662-HLB<br><br>Chapter 11<br><br>***EX PARTE* MOTION FOR AN ORDER SHORTENING TIME TO HEAR THE FIRST DAY MOTIONS** |

The International Longshore and Warehouse Union ("ILWU" or "Debtor"), the debtor and debtor in possession in the above-captioned case (the "Chapter 11 Case"), hereby applies on an *ex parte* basis for the entry of an order shortening time to hear the Debtor's (1) *Emergency First Day Motion for Interim and Final Orders Authorizing Debtor to Honor Prepetition Obligations to Employees* [Docket No. 7] (the "Employee Motion") and (2) *Emergency Motion for Entry of Interim and Final Orders Authorizing the Debtors to (A) Continue Operating Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Granting Related Relief* [Docket No. 8] (the "Cash Management Motion" and together with the Employee Motion, the "First Day Motions").

This Motion is made pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1 of the Bankruptcy Local Rules for the Northern District of California (the "Local Rules"). In support of the Motion, the Debtor submits the declaration of Jason H. Rosell (the "Rosell Declaration"), filed contemporaneously herewith, and respectfully states as follows:

## RELEVANT BACKGROUND

On September 30, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

On October 2, 2023, the Debtor filed the First Day Motions, which seek authority to (1) continue to honor the Debtor's prepetition obligations to its employee (*e.g.*, employee benefit programs) and (2) continue operating the Debtor's cash management system. The Debtor respectfully submits that the relief requested in the First Day Motions is necessary to facilitate a smooth transition into bankruptcy and avoid an interruption in the Debtor's business operations. For example, it is critical to employee morale that their accrued personal time off continue to be honored. In addition, it is critical that the Debtor continue to use its cash management system in the ordinary course of business so that it may make timely postpetition payments, including payroll, which is processed by the Debtor (not a third party payroll service provider).

## RELIEF REQUESTED

By this Motion, the Debtor requests the entry of an order shortening time to hear the First Day Motion. Specifically, the Debtor requests a hearing on the First Day Motions on **October 3, 2023 at 3:00 p.m. (Pacific Time)** with objections, if any, due on October 3, 2023 at 1:00 p.m. (Pacific Time)

## BASIS FOR RELIEF REQUESTED

Bankruptcy Rule 9006(c)(l) permits a bankruptcy court, for cause shown and, in its discretion, to reduce the period during which any notice is given in accordance with the Bankruptcy Rules. Bankruptcy Rule 9006(c)(l) provides as follows:

> Except as provided in paragraph 2 of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of the court, the court for cause shown may, in its discretion with or without motion or notice order the period reduced.

Fed. R. Bankr. P. 9006(c)(1).

Pursuant to Local Rule 9006-1, the Court may shorten the time to perform any act or to file any paper pursuant to the Bankruptcy Rules or the Local Rules. Pursuant to Local Rule 9006-1(c), any request to shorten time must be accompanied by a declaration stating: (1) the reason for the particular shortening of time requested; (2) previous time modifications relating to the subject of the request,
2

whether by stipulation or court order; (3) the effect of the requested time modification on the schedule for the case or proceeding; and (4) the efforts made to speak with the respondent, and if the movant has spoken with the respondent, the reasons given for any refusal to agree to the request.

Local Rule 9006-1(c)(1). As set forth above and in the Rosell Declaration, there are compelling reasons for an expedited hearing on the First Day Motions. For example, (1) the Employee Motion seeks authority to permit the Debtor to continue to honor employee benefits, which is critical to maintaining employee morale during the transition into bankruptcy and (2) the Cash Management Motion seeks authority to maintain the Debtor's cash management system, which is critical to processing postpetition payments, including payroll.

Local Rule 9006-1(c)(2). No previous time modifications related to this request have been made.

Local Rule 9006-1(c)(3). The effect of this request for shortened time is minimal with respect to third parties as the initial relief requested in the First Day Motions is on an *interim* basis.

Local Rule 9006-1(c)(4). Counsel to the Debtor has confirmed that the Office of the United States Trustee **consents** to the First Day Motions being heard on October 3, 2023. However, Mr. Jared Day of the Office of the United States Trustee is unavailable between 9:00 a.m. and 10:00 a.m. (Pacific Time) on October 3, 2023.

The Debtor proposes to serve the First Day Motions, the *Declaration of William E. Adams in Support of First Day Motions* [Docket No. 9], and a copy of any order granting the relief requested herein by overnight mail, email, or electronic service through the Court's CM/ECF system by no later than October 2, 2023 at 4:00 p.m. (Pacific Time) on the following parties:

1. All creditors set forth in the Debtor's List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders [Docket No. 2].

2. Jared R. Day, Office of the United States Trustee for Region 17.

3. Any creditor or interested party that has filed a notice of appearance and request for notice pursuant to Bankruptcy Rule 2002.

4. All employees affected by the Employee Motion.

5. All banks or financial institutions affected by the Cash Management Motion.

3

6. The U.S. Internal Revenue Service and all California taxing authorities.

## CONCLUSION

For the reasons set forth above, the Debtor seeks the entry of an order, substantially in the form attached hereto as **Exhibit A**, shortening time for a hearing on the First Day Motions.

Dated:  October 2, 2023  **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Jason H. Rosell*
Debra I. Grassgreen
Jason H. Rosell

*[Proposed] Counsel to the Debtor*

# EXHIBIT A

**Proposed Order**

PACHULSKI STANG ZIEHL & JONES LLP
Debra I. Grassgreen (CA Bar No. 169978)
Jason H. Rosell (CA Bar No. 269126)
One Sansome Street, Suite 3430
San Francisco, California 94104
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail: dgrassgreen@pszjlaw.com
jrosell@pszjlaw.com

*[Proposed] Counsel to the Debtor*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION,<br><br>Debtor. | Case No. 23-30662-HLB<br><br>Chapter 11<br><br>**ORDER GRANTING *EX PARTE* MOTION FOR AN ORDER SHORTENING TIME TO HEAR THE FIRST DAY MOTIONS**<br><br>First Day Hearing:<br><br>Date: October 3, 2023<br>Time: 3:00 p.m. (Pacific Time)<br>Place: Zoom / Telephonic<br><br>Judge: Hon. Hannah L. Blumenstiel |

The Court having considered the *Ex Parte Motion for an Order Shortening Time to Hear the First Day Motions* [Docket No. ●] (the "Motion")[1] filed by the above-captioned debtor (the "Debtor"); and based upon the Court's review of the Motion, the declarations and other pleadings filed in the support of the Motion; and the Court finding that good cause exists for the relief requested,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**.

2. The hearing to consider the **interim** relief requested in the Employee Motion [Docket No. 7] and Cash Management Motion [Docket No. 8] (together, the "First Day Motions") will be held on **October 3, 2023 at 3:00 p.m. (Pacific Time)** (the "First Day Hearing"). In the event the Court

---

[1] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

grants either First Day Motion on an interim basis, it will set that motion for a final hearing to take place on a later date.

3. The First Day Hearing will convene via Zoom or telephone. The Court encourages all interested parties to consult the Court's website (https://www.canb.uscourts.gov/) for information explaining how to arrange an appearance at a video/telephonic hearing. If you have questions about court operations or how to participate in a video hearing, you may contact the court by calling 888-821-7606 or by using the Live Chat feature on the Court's website.

4. On or before **October 2, 2023 at 4:00 p.m. (Pacific Time)**, the Debtor shall serve the First Day Motions, the *Declaration of William E. Adams in Support of First Day Motions* [Docket No. 9], and a copy of this order by overnight mail, email, or electronic service through the Court's CM/ECF system on the following parties:

   a. All creditors set forth in the Debtor's List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders [Docket No. 2].

   b. Jared R. Day, Office of the United States Trustee for Region 17.

   c. Any creditor or interested party that has filed a notice of appearance and request for notice pursuant to Bankruptcy Rule 2002.

   d. All employees affected by the Employee Motion.

   e. All banks or financial institutions affected by the Cash Management Motion.

   f. The U.S. Internal Revenue Service and all California taxing authorities.

5. This Order shall serve as notice of the First Day Hearing. Debtor's counsel shall not prepare, file, or serve a separate notice of hearing.

6. The Debtor shall file a certificate of service demonstrating timely compliance with paragraph 4 of this Order by no later than October 3, 2023 at 1:00 p.m. (Pacific Time).

7. Objections, if any, to interim relief requested in any of the First Day Motions shall be filed no later than **October 3, 2023 at 1:00 p.m. (Pacific Time)**. No opposition shall exceed 10 pages, absent prior leave of the Court. This page limit shall not apply to declarations or requests for judicial notice that might be filed in support of any opposition. Absent good cause, any untimely opposition will not be considered.

8. Any unexcused failure on the part of the Debtor to timely comply with this order may result in denial of some or all of the First Day Motions.

**\*\* END OF ORDER \*\***