Christina L. Goebelsmann, Assistant United States Trustee
State Bar No. CA 273379
Jared A. Day, Trial Attorney
State Bar No. 275687
Phillip J. Shine, Trial Attorney
State Bar No. 318840
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
450 Golden Gate Avenue, Room 05-0153
San Francisco, California 94102
Phone: (775) 784-5530
Email: *jared.a.day@usdoj.gov*

Attorneys for Tracy Hope Davis,
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>INTERNATIONAL LONGSHORE AND<br>WAREHOUSE UNION,<br><br>Debtor. | Case No. 23-30662 HLB<br><br>Chapter 11<br><br>Date: October 4, 2023<br>Time: 10:00 a.m. |

## UNITED STATES TRUSTEE'S OMNIBUS OPPOSITION TO DEBTOR'S EMERGENCY FIRST DAY MOTIONS AND RESERVATION OF RIGHTS

Tracy Hope Davis, United States Trustee for Region 17 ("U.S. Trustee"), by and through her undersigned counsel, hereby files this *Omnibus Opposition to Debtor's Emergency First Day Motions and Reservation of Rights* ("Omnibus Opposition") regarding 1) interim and final orders authorizing International Longshore and Warehouse Union ("Debtor") to honor prepetition obligations to employees (ECF No. 7, the "Prepetition Wages/Benefits Motion"); and 2) interim and final orders authorizing Debtor to (A) continue operating cash management system; (B) honor certain prepetition obligations related thereto; (C) maintain existing business forms; and

1

(D) granting related relief (ECF No. 8, the "Cash Management Motion") (together, the "First Day Motions").[1]

In support of her Omnibus Opposition, the U.S. Trustee respectfully states as follows:

## I.     INTRODUCTION

The Prepetition Wages/Benefits Motion should be denied to the extent it requests authorization for payments on claims, including accrued PTO, that are not entitled to priority status or do not comply with 11 U.S.C. §§ 503(c)(1) and (3).

The Cash Management Motion should be denied in part because Debtor has not met its burden of demonstrating cause to waive the collateralization requirements of 11 U.S.C. § 345(b). Debtor's two prepetition bank accounts are with financial institutions that are not on the U.S. Trustee's Authorized Depository list for the Northern District of California. Further, given Debtor's significant deposits and/or investments, a waiver of the requirements found in section 345(b) would pose a significant risk to the estate.

The U.S. Trustee reserves all rights with respect to all Debtor's First Day Motions which are scheduled for hearing on the above-captioned date and time, including, but not limited to her right to take any appropriate action under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the U.S. Bankruptcy Court for Northern District of California.

---

[1] The U.S. Trustee requests that the Court take judicial notice of the pleadings and documents filed in this case pursuant to Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 201. To the extent that the Omnibus Opposition contains factual assertions predicated upon statements made by Debtor, any of its current or former affiliates, agents, attorneys, professionals, officers, directors or employees, the U.S. Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 801(d)(2).

The U.S. Trustee's Omnibus Opposition is supported by the following memorandum of points and authorities.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. Standing

1. Under 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with supervising the administration of cases and trustees under the Bankruptcy Code. To enable the U.S. Trustee to carry out that duty, Congress has granted the U.S. Trustee standing to raise and to "appear and be heard on any issue in any case or proceeding" brought under the Bankruptcy Code. 11 U.S.C. § 307. The U.S. Trustee consents to this Court entering final orders in this matter.

### B. General Case Background

2. On September 30, 2023 (the "Petition Date"), Debtor commenced the above-captioned subchapter V case by filing a voluntary petition (the "Petition") for relief under chapter 11 of the Bankruptcy Code. *See* ECF No. 1. Debtor is currently a debtor in possession under section 1184 of the Bankruptcy Code.

3. Debtor's proposed general bankruptcy counsel is Pachulski Stang Ziehl & Jones, LLP. *See* ECF Docket *generally*.

4. The U.S. Trustee appointed Mark M. Sharf as the subchapter V trustee on October 2, 2023. *See* ECF No. 17.

5. No Official Committee of Unsecured Creditors has been solicited or appointed by the U.S. Trustee in this case because 11 U.S.C. § 1102(a)(3) provides that one may not be appointed in a small business case "[u]nless the Court for cause orders otherwise."

6. The 11 U.S.C. § 341(a) meeting of creditors is currently scheduled for October 24, 2023. *See* ECF No. 4.

7. On the Petition Date, Debtor filed its list of 20 largest unsecured creditors. *See* ECF No. 2. However, Debtor has not yet filed the required schedules and statements. *See* ECF Docket *generally*.

8. According to the omnibus first day declaration of Debtor's elected president, William E. Adams (the "Adams Declaration"), Debtor is a California non-profit labor organization with approximately 40,000 members in over 50 local unions and affiliates throughout California, Washington, Oregon, Alaska, Hawaii, and Canada. *See* ECF No. 9.

9. Debtor's First Day Motions are scheduled for hearing on the above-captioned date and time pursuant to the Court's order shortening time. *See* ECF No. 15.

### III. AUTHORITIES & DISCUSSION

#### A. General Principles of First Day Motions

10. Four principles for Courts to consider regarding first day motions are:

> First, the requested relief should be limited to that which is minimally necessary to maintain the existence of the debtor, until such time as the debtor can affect appropriate notice to creditors and parties in interest. In particular, a first day order should avoid substantive rulings that irrevocably determine the rights of parties.
>
> Second, first day orders must maintain a level of clarity and simplicity sufficient to allow reasonable confidence that an order will affect no unanticipated or untoward consequences.
>
> Third, first day orders are not a device to change the procedural and substantive rights that the Bankruptcy Code and Rules have established. In particular, first day orders should provide no substitute for the procedural and substantive protections of the plan confirmation process.
>
> Fourth, no first day order should violate or disregard the substantive rights of parties, in ways not expressly authorized by the Bankruptcy Code.

*See In re The Colad Group, Inc.*, 324 B.R. 208, 213-14 (Bankr. W.D.N.Y. 2005).

11. Accordingly, the relief sought in the First Day Motions, if granted at all, should be granted only on an interim basis, with a final hearing set so creditors and parties in interest with pecuniary interests can review and respond to the final relief sought.

**B. The Prepetition Wages/Benefits Motion**

12. As set forth in the Prepetition Wages/Benefits Motion, Debtor has 23 full-time and two part-time employees. *See* ECF No. 7.

13. Although Debtor believes that its required prepetition payroll was current at the time of filing, Debtor seeks authority to, *inter alia*, pay (i) prepetition employee compensation of up to $50,000; and (ii) various prepetition benefit obligations, including honoring PTO in the ordinary course and paying employees for unused amounts upon request. It appears that Debtor seeks to pay <u>most</u> of these prepetition claims only to the extent they are entitled to priority under 11 U.S.C. §§ 507(a)(4) or 507(a)(5). *Id.*

14. The U.S. Trustee takes no position on the payment of (i) prepetition claims of Debtor's non-insider employees that are entitled to priority under sections 507(a)(4) and 507(a)(5), or (ii) the related payroll taxes, deductions, and withholdings, provided these amounts do not exceed the applicable statutory caps.

15. However, the U.S. Trustee opposes any payments on claims that are not entitled to priority status or do not comply with 11 U.S.C. §§ 503(c)(1) and (3). *See, e.g., In re B & W Enterprises, Inc.,* 713 F.2d 534, 537 (9th Cir. 1983) ("[t]he Necessity of Payment Rule was created for and has been applied only to railroad cases. Absent compelling reasons, we deem it unwise to tamper with the statutory priority scheme devised by Congress in the 1978 Act"); *In re EcoSmart, Inc.*, 2015 WL 9274245, at *9 (Bankr. C.D. Cal. Dec. 18, 2015).

///

C. **The Cash Management Motion**

16. As set forth in the Cash Management Motion, Debtor has five prepetition accounts with United Business Bank (*i.e.*, one checking account, one money market account, one savings account, and two CD accounts). *See* ECF No. 8. Debtor also has two prepetition accounts with Community Bank of the Bay (*i.e.*, one savings account and one CD account). *Id.* Neither of these financial institutions are on the U.S. Trustee's list of Authorized Depositories.[2] The aggregate balance of the seven accounts (the "Prepetition Bank Accounts") totaled approximately $9.2 million on the Petition Date. *Id.*

17. Debtor seeks a permanent waiver of the statutory requirements of 11 U.S.C. § 345(b) and applicable local rules governing the deposit and investment of estate funds in connection with its Prepetition Bank Accounts. Under the facts and circumstances of this case, the request to waive the requirements of section 345 should be denied. Requiring Debtor's compliance with section 345 is necessary to protect estate property and to provide the appropriate oversight of Debtor's postpetition financial transactions as contemplated and required by the Chapter 11 process.

18. Section 345(b) protects creditors against the loss of estate funds deposited or invested by bankruptcy debtors. *See In re CWNevada LLC,* 602 B.R. 717, 744 (Bankr. D. Nev. 2019) ("[t]hose requirements are designed to ensure the safety of the funds held by a trustee or debtor in possession as a fiduciary of a bankruptcy estate"); *Cf. In re Columbia Gas Systems Inc.*, 33 F.3d 294, 301 (3d Cir. 1994) ("[e]nsuring the safety of the bankruptcy funds has been the foremost goal").

---

[2] *See* https://www.justice.gov/ust-regions-r17/file/authorized_depository_nca.pdf/download

19. Specifically, section 345(b) provides that money of the estate shall be insured or guaranteed by the United States or by a department, agency or instrumentality of the United States or backed by the full faith and credit of the United States. Money of the estate may also be deposited in an entity that has posted a bond in favor of the United States or has deposited securities with the Federal Reserve Bank.

20. A court may waive the requirements of section 345 upon a showing of "cause." *See* 11 U.S.C. § 345(b)(2). Thus, the Court may modify the requirements of section 345(b) for "'just cause' where strict compliance might 'work to *needlessly handcuff* larger, more sophisticated debtors.'" *See In re Ditech Holding Corp.*, 605 B.R. 10, 22 (Bankr. S.D.N.Y. 2019) (emphasis added).

21. To ensure compliance with section 345(b), the U.S. Trustee has implemented guidelines for debtors in possession regarding bank accounts (the "U.S. Trustee Guidelines"). Among other things, the U.S. Trustee Guidelines require debtors in possession to close their prepetition bank accounts and provide proof of the establishment of debtor in possession account(s) at U.S. Trustee Authorized Depositories. *See* U.S. Trustee Chapter 11 Operating and Reporting Guidelines for Debtors in Possession (Region 17), at ¶ 3, available at https://www.justice.gov/ust-regions-r17/file/guidelines.pdf/download.[3]

---

[3] The U.S. Trustee is mindful that some courts have concluded that guidelines established by the U.S. Trustee do not have the force and effect of law. *See, e.g., In re Young*, 205 B.R. 894, 897 (Bankr. W.D. Tenn. 1997); *In re Gold Standard Baking, Inc.*, 179 B.R. 98, 105-06 (Bankr. N.D. Ill. 1995); *In re Lani Bird, Inc.*, 113 B.R. 672, 673 (Bankr. D. Hawaii 1990); *In re Johnson*, 106 B.R. 623, 624-25 (Bankr. D. Neb. 1989). As a result, "if the court is to require debtors to comply with particular provisions of the U.S. Trustee's Guidelines, it must be for a reason independent of the Guidelines themselves." *Johnson*, 106 B.R. at 624.

22. Establishing a debtor in possession account "is a bankruptcy related task that is essential to a debtor's reorganization." *In re Helicraft Holdings, LLC*, 2017 Bankr. LEXIS 3629, *7 (Bankr. D. Mont., Oct. 18, 2017).

23. U.S. Trustee Authorized Depositories have agreed to maintain collateral, unless an order of the bankruptcy court provides otherwise, in an amount of no less than 115 percent of the aggregate bankruptcy funds on deposit in each bankruptcy estate that exceeds the FDIC insurance limit. *See* U.S. Trustee Program Policy and Practices Manual, Volume 7, "Banking and Bonding," (the "UST Manual"), §§ 7-1.1 and 7-1.2.1, at pp. 1-2, available at https://www.justice.gov/ust/file/volume_7_banking_and_bonding.pdf/download.[4] U.S. Trustee Authorized Depositories have also agreed to make periodic reports so that the U.S. Trustee can monitor compliance. *See* U.S. Trustee Manual, at § 7-1.3.2, at p. 5.

24. In addition to protecting creditors against the loss of estate funds deposited or invested by bankruptcy debtors, the requirement of establishing debtor in possession accounts "provides a clear line of demarcation between prepetition and postpetition claims and payments and helps protect against the inadvertent payment of prepetition claims by preventing banks from honoring checks drawn before the petition date." *BCL-Sheffield LLC v. Gemini Int'l, Inc. (In re Tolomeo)*, 537 B.R. 869, 880 (Bank. N.D. Ill. 2015).

25. In determining whether cause exists under section 345(b), courts have examined the totality of the circumstances. *See In re Serv. Merch. Co., Inc.*, 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999); *In re Ditech Holding Corp.*, 605 B.R. at 17. As part of this analysis, courts have considered the following factors:

    a. The sophistication of the debtor's business;

---

[4] The U.S. Trustee Manual is available for download at https://www.justice.gov/ust/united-states-trustee-program-policy-and-practices-manual.

  b. The size of the debtor's business operations;
  c. The amount of investments involved;
  d. The bank ratings (Moody's and Standard and Poor) of the financial institutions where debtor-in-possession funds are held;
  e. The complexity of the case;
  f. The safeguards in place within the debtor's own business of insuring the safety of the funds;
  g. The debtor's ability to reorganize in the face of a failure of one or more of the financial institutions;
  h. The benefit to the debtor;
  i. The harm, if any, to the estate; and
  j. The reasonableness of the debtor's request for relief from section 345(b) requirements in light of the overall circumstances of the case.

*See In re Serv. Merch. Co., Inc.*, 240 B.R. at 896.

  26.  Here, Debtor contends that requiring it to open new debtor in possession accounts would impose an excessive administrative burden and disrupt its business. *See* ECF No. 8.

  27.  Debtor has not, however, addressed many of the factors identified by the *Serv. Merch.* court, including (i) Debtor's safeguards for ensuring the safety of its funds and (ii) Debtor's ability to reorganize if a financial institution holding Debtor's funds fails. Given the size of the deposits and/or investments at Debtor's Prepetition Bank Accounts, which totaled approximately $9.2 million on the Petition Date, there appears to be significant risk to the estate. *Id.*

  28.  The overriding concern of the U.S. Trustee is the avoidance of a failure contemplated by section 345 resulting in the loss of estate funds. In contrast, by virtue of the collateralization and reporting requirements imposed on U.S. Trustee Authorized Depositories, compliance with the U.S. Trustee Guidelines will ensure compliance with the requirements of 11 U.S.C. § 345(b). These requirements would not "needlessly handcuff" Debtor but rather

9

protect estate funds as Congress envisioned. *Cf. In re Ditech Holding Corp.*, 605 B.R. at 22 (requiring debtors to bring accounts into compliance with section 345(b)).

29. Accordingly, the U.S. Trustee opposes the Cash Management Motion and the entry of a final order waiving the requirements of section 345.

30. To the extent the Court is inclined to approve the Cash Management Motion, such relief should be limited to the Prepetition Bank Accounts specifically identified. Moreover, the final order should: (i) require Debtor to institute a system to regularly "sweep" the funds from the Prepetition Bank Accounts into a debtor in possession account at a U.S. Trustee Authorized Depository in the Northern District of California; and (ii) prohibit Debtor from opening new accounts unless such accounts are debtor in possession accounts at U.S. Trustee Authorized Depositories in the Northern District of California.

## IV. CONCLUSION

WHEREFORE, for the foregoing reasons, the U.S. Trustee respectfully requests that the Court deny the First Day Motions in part as set forth herein and grant such other relief as the Court deems warranted under the circumstances.

Dated: October 3, 2023
TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By: /s/ *Jared A. Day*
Jared A. Day
Trial Attorney for United States Trustee