Entered on Docket
October 04, 2023
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: October 4, 2023

_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

PACHULSKI STANG ZIEHL & JONES LLP
Debra I. Grassgreen (CA Bar No. 169978)
Jason H. Rosell (CA Bar No. 269126)
One Sansome Street, Suite 3430
San Francisco, California 94104
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail: dgrassgreen@pszjlaw.com
jrosell@pszjlaw.com

*[Proposed] Counsel to the Debtor*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION,<br><br>Debtor. | Case No. 23-30662-HLB<br><br>Chapter 11<br><br>**INTERIM ORDER APPROVING DEBTOR'S EMERGENCY MOTION FOR AN ORDER AUTHORIZING DEBTOR TO HONOR PREPETITION OBLIGATIONS TO EMPLOYEES ON AN INTERIM BASIS** |

The *Debtor's Emergency First Day Motion for Interim and Final Orders Authorizing Debtor to Honor Prepetition Obligations to Employees* [Docket No. 7] (the "Motion"),[1] filed on October 2, 2023, by the International Longshore and Warehouse Union (the "Debtor"), the debtor and debtor in possession in the above-captioned bankruptcy case (the "Chapter 11 Case"), came before the Court for hearing on October 4, 2023, at 10:00 a.m. (Pacific Time). Appearances were as noted on the record. Based upon the Court's review of the Motion, the declarations and other pleadings filed in support of the Motion, the arguments of counsel at the hearing on the Motion, and all pleadings and evidence of record in this case, and finding that good cause exists for granting the relief requested on an interim basis,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**, as set forth herein, on an **interim** basis.

---

[1] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

2. The Debtor is authorized, but not directed, to make payments to applicable third parties from the Withholding Obligations and in respect of the Employee Benefits, and costs associated therewith, in accordance with the Debtor's ordinary course of business and stated policies, as set forth in the Motion.

3. The Debtor is authorized, but not directed, to continue to maintain its Workers' Compensation Program in the ordinary course of business. The automatic stay, to the extent applicable, is lifted without further order of this Court, to allow (a) holders of workers' compensation claims to proceed with their claims, and (b) the administration, handling, defense, settlement and/or payment of a claim covered by the Workers' Compensation Program and the costs related thereto in accordance with such policy (and the agreements related thereto); *provided, however*, that nothing in this Interim Order or the Motion gives a non-workers' compensation claimant relief from the automatic stay.

4. The Debtor is authorized, but not directed, to honor outstanding checks and electronic payments for Compensation and Benefits obligations that may be outstanding as of the Petition Date.

5. In accordance with this Interim Order and any other order of this Court, the banks and financial institutions at which the Debtor maintains its accounts are authorized to honor checks presented for payment, whether issued prior to or after the Petition Date, and to honor all fund transfer requests made by the Debtor related thereto, to the extent that sufficient funds are on deposit in such accounts.

6. The Debtor is authorized to pay prepetition amounts on account of Compensation and Benefits, including all processing and administrative fees associated with payment of the Compensation and Benefits; *provided, however*, that no payments to or on behalf of any Employee will exceed the Statutory Cap under 11 U.S.C. § 507(a)(4) and (5) except to the extent required by applicable state law and in paragraph 7 of this Order.

7. The Debtor is authorized to continue to administer and provide its Employee Benefits postpetition in the ordinary course of business and in the Debtor's discretion. Nothing herein shall be deemed to authorize the payment of any amounts which violate, implicate, or otherwise are subject to 503(c) of the Bankruptcy Code.

8. The Debtor shall not pay any amounts to "insiders" of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code, under any bonus, incentive, or retention plan without seeking authority from the Court.

9. The automatic stay is hereby modified pursuant to section 362(d) of the Bankruptcy Code solely to allow the Debtor, in its discretion, to continue to assess, determine, and adjudicate any unpaid Workers' Compensation Claims during the Chapter 11 Case.

10. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing contained in the Motion or this Interim Order shall constitute, nor is it intended to constitute: (a) an admission as to the validity, priority, or amount of any particular claim against the Debtor; (b) a waiver of the Debtor's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim or finding that any particular claim is an administrative expense claim or other priority claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; (g) a waiver or limitation of the Debtor's rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtor or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Interim Order are valid and the Debtor and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection, or to seek avoidance of all such liens. Any payment made pursuant to this Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtor's or any other party-in-interest's rights to subsequently dispute such claim.

11. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

14. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

15. A final hearing to consider the relief requested in the Motion shall be held on November 9, 2023 at 10:00 a.m. (Pacific Time) and any objections or responses to the Motion shall be filed and served so as to be actually received on or prior to November 2, 2023.

16. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**\*\* END OF ORDER \*\***

|   | Court Service List |
|---|---|
| Registered ECF participants. | |