

Signed and Filed: October 4, 2023

_____
**HANNAH L. BLUMENSTIEL
U.S. Bankruptcy Judge**

PACHULSKI STANG ZIEHL & JONES LLP
Debra I. Grassgreen (CA Bar No. 169978)
Jason H. Rosell (CA Bar No. 269126)
One Sansome Street, Suite 3430
San Francisco, California 94104
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail: dgrassgreen@pszjlaw.com
 jrosell@pszjlaw.com

[Proposed] Counsel to the Debtor

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION,<br><br>Debtor. | Case No. 23-30662-HLB<br><br>Chapter 11<br><br>**INTERIM ORDER APPROVING DEBTOR'S EMERGENCY MOTION FOR AN ORDER AUTHORIZING THE DEBTORS TO (A) CONTINUE OPERATING CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING BUSINESS FORMS, AND (D) GRANTING RELATED RELIEF, ON AN INTERIM BASIS** |

The *Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing the Debtors to (A) Continue Operating Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Granting Related Relief* [Docket No. 8] (the "Motion"),[1] filed on October 2, 2023 by the International Longshore and Warehouse Union (the "Debtor"), the debtor and debtor in possession in the above-captioned bankruptcy case (the "Chapter 11 Case"), came before the Court for hearing on October 4, 2023, at 10:00 a.m. (Pacific Time). Appearances were as noted on the record. Based upon the Court's review of the Motion, the declarations and other pleadings filed in support of the Motion, the arguments of counsel at the hearing on the Motion, and all pleadings and evidence of record in this case, and finding that good cause exists for granting the relief requested on an interim basis,

---

[1] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**, as set forth herein, on an **interim** basis.

2. The Debtor is authorized, but not directed, to: (a) continue operating the Cash Management System as described in the Motion; (b) honor its prepetition obligations related thereto; (c) use, in their present form, all preprinted correspondence and Business Forms (including letterhead) without reference to the Debtor's status as a debtor in possession; (d) continue to use, with the same account numbers, the Bank Accounts in existence as of the Petition Date, including those accounts identified on **Exhibit C** to the Motion, and need not comply with certain guidelines relating to bank accounts set forth in the U.S. Trustee Guidelines (to the extent applicable); (e) treat the Debtor Bank Accounts for all purposes as accounts of the Debtor as debtor in possession; (f) deposit funds into and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers, and other debits; (g) maintain and use its credit card account at Union Business Bank in the ordinary course of business; and (h) pay the Bank Fees, including any prepetition amounts and any ordinary course Bank Fees incurred in connection with the Bank Accounts and to otherwise perform its obligations under the documents governing the Bank Accounts; *provided* that in the case of each of (a) through (h), such action is taken in the ordinary course of business and consistent with historical practices.

3. The Banks are authorized to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtor as debtor in possession, without interruption and in the ordinary course of business consistent with historical practices, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, credit card payments, and ACH transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Interim Order; *provided* that the Debtor shall only instruct or request any Banks to pay or honor any check, draft, or other payment item issued on a Bank Account prior to the Petition Date but presented to such Bank for payment after the Petition Date as authorized by an order of the Court.

4. The Banks are authorized to debit the Debtor's accounts in the ordinary course of business, consistent with historical practices, without the need for further order of this Court for:

(a) all checks drawn on the Debtor's accounts that are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (b) all checks or other items deposited in one of Debtor's accounts with such Bank prior to the Petition Date that have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date; and (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

5. Any existing agreements between or among the Debtor, the Banks, and other parties shall continue to govern the postpetition cash management relationship between the Debtor and the Bank, and all of the provisions of such agreements, including, without limitation, the termination, fee provisions, rights, benefits, offset rights, and remedies afforded under such agreements shall remain in full force and effect unless otherwise ordered by the Court, and the Debtor and the Banks may, without further order of this Court, agree to and implement changes to the Cash Management System and cash management procedures in the ordinary course of business, consistent with historical practices and the Debtor's prepetition secured debt agreements, including, without limitation, the opening and closing of bank accounts, subject to the terms and conditions of this Interim Order.

6. Any requirement of section 345(b) is hereby waived until the Final Hearing.

7. For the Banks at which the Debtor holds Bank Accounts that are party to a Uniform Depository Agreement with the U.S. Trustee, within fifteen (15) days of the date of entry of this Interim Order, the Debtor shall: (a) contact such bank, (b) provide such bank with the Debtor's employer identification number, and (c) identify each of its Bank Accounts held at such bank as being held by a debtor in possession in this Chapter 11 Case. For any Bank at which the Debtor holds Bank Accounts that are not party to a Uniform Depository Agreement with the U.S. Trustee, the Debtor shall use its good-faith efforts to cause the Bank to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee within thirty (30) days of the date of this Interim Order.

8. Notwithstanding the foregoing, or anything to the contrary contained herein or the Motion, the Debtor shall cause, on or before the Final Hearing (as defined below), the cash on deposit in the Money Market Account (Account No. 0045) at United Business Bank to be transferred to a new

FDIC insured account at a United States Trustee authorized depository. For the avoidance of doubt, the relief requested in this paragraph and this Order is without prejudice to the United States Trustee to object or otherwise oppose the relief requested in the Motion on a final basis at the Final Hearing.

9. Subject to the terms hereof, the Debtor is authorized, but not directed, in the ordinary course of business consistent with historical practices to open any new bank accounts or close any existing Bank Accounts and enter into any ancillary agreements, provided that the Debtor gives notice to the U.S. Trustee within 15 days of opening or closing a bank account. The relief granted in this Interim Order is extended to any new bank account opened by the Debtor in the ordinary course of business after the date hereof, which account shall be deemed a "Bank Account," and to the bank at which such account is opened, which bank shall be deemed a "Bank," provided that any new domestic bank account opened by the Debtor shall be established at an institution that is a party to a Uniform Depository Agreement with the U.S. Trustee or is willing to immediately execute such a Uniform Depository Agreement.

10. All banks maintaining any of the Bank Accounts that are provided with notice of this Interim Order shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued before the Petition Date; *provided, however*, that any such bank shall not be found to be in violation of this Interim Order nor liable to the Debtor or its estate should any such bank honor or pay any bank payment: (a) in a good faith belief that the Court has authorized such payment to be honored, or (b) as the result of a mistake made despite implementation of customary item handling procedures.

11. The Banks are authorized, without further order of this Court, to deduct any applicable fees from the applicable Bank Accounts in the ordinary course of business consistent with historical practices and pursuant to the applicable agreements governing each Bank Account.

12. The Banks are authorized, without further order of this Court, to charge back to the appropriate accounts of the Debtor any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, or other electronic transfers of any kind, regardless of whether such returned items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or

transfers, including, without limitation, on account of checks that have been dishonored or returned as a result of insufficient funds in the Bank Accounts, in each case to the same extent the Debtor was responsible for such items prior to the Petition Date.

13. Subject to the terms set forth herein, any bank, including the Banks, may rely upon the representations of the Debtor with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to any order of this Court, and no bank that honors a prepetition check or other item drawn on any account that is the subject of this Interim Order: (a) at the direction of the Debtor, (b) in a good-faith belief that this Court has authorized such prepetition check or item to be honored, or (c) as a result of a mistake made despite implementation of reasonable customary handling procedures, shall be deemed to be nor shall be liable to the Debtor, its estate, or any other party on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Interim Order.

14. Any banks, including the Banks, are further authorized to honor the Debtor's directions with respect to the opening and closing of any Bank Account and accept and hold, or invest, the Debtor's funds in accordance with the Debtor's instructions; *provided* that the Banks shall not have any liability to any party for relying on such representations to the extent such reliance otherwise complies with applicable law.

15. Nothing contained in the Motion or this Interim Order shall be construed to: (a) create or perfect, in favor of any person or entity, any interest in cash of the Debtor that did not exist as of the Petition Date; or (b) alter or impair the validity, priority, enforceability, or perfection of any security interest or lien or setoff right, in favor of any person or entity, that existed as of the Petition Date.

16. Nothing contained in the Motion or this Interim Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Interim Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtor's or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication,

admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Motion or this Interim Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; or (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtor or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

17. The Debtor is authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this Chapter 11 Case with respect to prepetition amounts owed in connection with the relief granted herein.

18. Nothing in this Interim Order authorizes the Debtor to accelerate any payments not otherwise due.

19. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

20. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

21. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

22. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

23. A final hearing to consider the relief requested in the Motion shall be held on November 9, 2023 at 10:00 a.m. (Pacific Time) (the "<u>Final Hearing</u>") and any objections or responses to the Motion shall be filed and served so as to be actually received on or prior to November 2, 2023.

24. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**\*\* END OF ORDER \*\***

**APPROVED AS TO FORM:**

*/s/ Jared A. Day*
Jared A. Day, Trial Attorney
U.S. Department of Justice
Office of the U.S. Trustee, Region 17
300 Booth Street, Suite 3009
Reno, NV 89509
Phone: (775) 784-5530

7

Court Service List

Registered ECF participants.