PACHULSKI STANG ZIEHL & JONES LLP
Debra I. Grassgreen (CA Bar No. 169978)
Jason H. Rosell (CA Bar No. 269126)
One Sansome Street, Suite 3430
San Francisco, California 94104
Telephone:     (415) 263-7000
Facsimile:     (415) 263-7010
E-mail:        dgrassgreen@pszjlaw.com
               jrosell@pszjlaw.com

*[Proposed] Counsel to the Debtor*

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>INTERNATIONAL LONGSHORE<br>AND WAREHOUSE UNION,<br><br>Debtor. | Case No. 23-30662-HLB<br><br>Chapter 11<br><br>**DEBTOR'S MOTION FOR ENTRY OF ORDER (I) AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF**<br><br><u>Hearing</u>:<br><br>Date:      November 9, 2023<br>Time:      10:00 a.m.  (Pacific Time)<br>Place:     Zoom / Telephonic<br>Judge:     Hon. Hannah L. Blumenstiel |

The International Longshore and Warehouse Union ("<u>ILWU</u>" or "<u>Debtor</u>"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>"), hereby files this motion (the "<u>Motion</u>") for the entry of an order (the "<u>Proposed Order</u>"), pursuant to sections 105(a), 327, 328, and 330 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"):  (a) authorizing, but not directing, the Debtor to employ and pay the Ordinary Course Professionals (as defined below) without the necessity of a separate, formal retention application approved by this Court for each Ordinary Course Professional; (b) authorizing, but not directing, the Debtor to pay the Ordinary Course Professionals for postpetition services rendered and expenses incurred without the necessity of additional court approval, except as otherwise required by the Procedures (as defined below); and

(c) granting related relief, as described more fully herein.[1]  In support of this Motion, the Debtor respectfully states as follows:

## I.

## JURISDICTION AND VENUE

The United States Bankruptcy Court for the Northern District of California (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a).  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.

## BACKGROUND

### A.    The Chapter 11 Case

On September 30, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code. The Debtor is operating its businesses and managing its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee, committee, or examiner has been made in this Chapter 11 Case.

On October 2, 2023, the United States Trustee appointed Mark Sharf as the subchapter V trustee in this Chapter 11 Case.

### B.    General Background

The ILWU is organized under the laws of the State of California as a non-profit labor organization. Pursuant to its *Constitution*, the ILWU's objectives are (a) to unite in one organization, regardless of religion, race, creed, color, gender, sexual orientation, political affiliation or nationality, all workers within the jurisdiction of the ILWU; (b) to maintain and improve the wages, hours and working conditions of all its members without discrimination; (c) to educate the membership of the organization in the history of the American labor movement and in present day labor problems and tactics; and (d) to secure legislation in the interests of labor and to oppose anti-labor legislation.

---

[1]    A proposed form of order granting the relief requested is attached hereto as **Exhibit A** (the "Proposed Order").

Case: 23-30662   Doc# 47   Filed: 10/07/23   Entered: 10/07/23 07:55:24   Page 2 of 21

Since its formation in 1937, the ILWU has grown to approximately 40,000 diverse members in over 50 local unions and affiliates throughout California, Washington, Oregon, Alaska, Hawaii, and Canada. The ILWU's members include workers employed in, among other work and industries, the (a) loading and unloading of vessels, rail, and trucks at ports; (b) warehousing, wholesaling, and distribution industries (including mining); (c) operation of tugs, towboats, barges, and ferries; (d) agriculture and aquaculture (including processing, transportation, and distribution) industries; (e) tourist industry (including hotels, resorts, and restaurants); (f) wholesale and retail trade, general manufacturing, and food processing; and (g) service industries (including hospitals and health care facilities, financial and insurance operations, newspapers, restaurants, breweries, early childhood education, etc.).

The factual background regarding the Debtor, including its current and historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the *Declaration of William E. Adams in Support of First Day Motions* [Docket No. 9] (the "First Day Declaration"), which is incorporated herein by reference.[2]

**C.      The Ordinary Course Professionals**

The Debtor customarily retains the services of various accountants, attorneys, and other professionals to advise the Debtor in matters arising in the ordinary course of the Debtor's business, but unrelated to the administration of this Chapter 11 Case (each, an "Ordinary Course Professional" and, collectively, the "Ordinary Course Professionals"). A list of the Debtor's Ordinary Course Professionals (the "OCP List") as of the date hereof is attached to the Proposed Order as **Schedule 1**. As discussed more fully below, the Debtor reserves the right to supplement **Schedule 1** in the future. The Debtor is seeking authority to pay the Ordinary Course Professionals during the pendency of this Chapter 11 Case, subject to the Monthly Fee Cap (defined below), without the Ordinary Course Professionals having to be formally retained or file fee applications.

In contrast, individual retention applications will be required for any professionals that the Debtor seeks to employ in connection with the administration of this Chapter 11 Case or in connection with special matters not appropriate for ordinary course treatment (the "Chapter 11 Professionals").

---

[2]      A capitalized term used but not defined herein shall have the meaning ascribed to it in the First Day Declaration.

Case: 23-30662   Doc# 47   Filed: 10/07/23   Entered: 10/07/23 07:55:24   Page 3 of 21

The Chapter 11 Professionals will be permitted to be compensated and reimbursed only in accordance with applicable provisions of Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Bankruptcy Local Rules for the Northern District of California (the "Local Rules"), and any orders entered in this Chapter 11 Case.

To the best of the Debtor's knowledge, none of the Ordinary Course Professionals represent or hold any interest materially adverse to the Debtor or to its estate with respect to the matters for which such Ordinary Course Professional is to be employed. Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtor (which the Debtor is currently not aware of), the Debtor does not believe that any such claims constitute interests materially adverse to the Debtor, its estate, its creditors, or other parties in interest.

**D.**   **Proposed Procedures for the Employment of Ordinary Course Professionals**

The Debtor intends to continue employing Ordinary Course Professionals that provide a variety of professional services in the same manner and for the same purposes as such professionals were retained prior to the commencement of this Chapter 11 Case. In the ordinary course of business, the Ordinary Course Professionals provide legal, accounting, consultancy, and/or other related services to the Debtor that the Debtor relies on to manage its day-to-day operations. The Debtor believes that the continued employment of the Ordinary Course Professionals is necessary to avoid disruption to the Debtor's normal business operations and the cost, expense, and delay of securing replacement professionals.

The proposed employment of the Ordinary Course Professionals and the payment of monthly compensation on the terms set forth herein are in the best interests of the Debtor, its estate, and all parties in interest. The relief requested will save the Debtor's estate the substantial expense associated with preparing and filing a separate retention application for each Ordinary Course Professional.

Accordingly, the Debtor requests that the Court dispense with the requirement of filing individual retention and fee applications for the Ordinary Course Professionals and implement the following procedures (the "Procedures"):

a.   Within thirty (30) days after the later of (i) the entry of an order granting this Motion and (ii) the date on which the Ordinary Course Professional commences postpetition services for the Debtor, each Ordinary Course Professional will

provide to the Debtor's counsel a declaration (each, an "<u>OCP Declaration</u>"), substantially in the form attached to the Proposed Order as **<u>Schedule 2</u>**, certifying, among other things, that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtor or its estate with respect to the matter(s) on which such professional is to be employed.

b.    Upon receipt of the OCP Declaration, the Debtor will file the same with the Court and serve a copy on the Office of the United States Trustee (the "<u>UST</u>").

c.    The UST will have fourteen (14) days following the date of service of an OCP Declaration to file with the Court and notify the Debtor's counsel, in writing, of any objection to the retention of an Ordinary Course Professional based on the contents of the OCP Declaration (the "<u>Objection Deadline</u>").  If no objection is filed and served so as to be actually received before the Objection Deadline, the retention and employment of the Ordinary Course Professional shall be deemed approved without further order of the Court.

d.    If an objection is filed with the Court and served by the Objection Deadline and such objection cannot be resolved within twenty-one (21) days after the Objection Deadline, the matter will be scheduled for adjudication by the Court.

e.    No Ordinary Course Professional may be paid any amount for invoiced fees and expenses until such Ordinary Course Professional has been retained in accordance with these Procedures.

f.    Once an Ordinary Course Professional is retained in accordance with these Procedures, the Debtor may pay such Ordinary Course Professional 100% of the fees and 100% of the expenses incurred, upon the submission to, and approval by, the Debtor of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtor's right to dispute any such invoices); *provided* that the Ordinary Course Professional's total compensation and reimbursement will not exceed $50,000 per month on average over any rolling three (3) month period (the "<u>Monthly Fee Cap</u>").

g.    In the event that an Ordinary Course Professional seeks compensation in excess of the Monthly Fee Cap for any month during this Chapter 11 Case, such Ordinary Course Professional will file a fee application (each, a "<u>Fee Application</u>") for the amount of its fees and expenses in excess of the Monthly Fee Cap, in accordance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any other procedures and orders of the Court.

h.    Each Fee Application will be served upon the UST, which shall then have fourteen (14) days to object to the Fee Application.  If, after fourteen (14) days, no objection to the Fee Application is filed, the Fee Application shall be deemed approved, and the Debtor may pay one-hundred percent (100%) of its fees and one-hundred percent (100%) of its expenses without the need for further action from such Ordinary Course Professional.

i.    At three (3) month intervals (each, a "<u>Quarter</u>") during the pendency of this Chapter 11 Case, the Debtor shall file with the Court and serve on the UST no later than thirty (30) days after the end of such Quarter, a statement that shall include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the amounts paid as compensation for services rendered and reimbursement of expenses incurred by

Case: 23-30662   Doc# 47   Filed: 10/07/23   Entered: 10/07/23 07:55:24   Page 5 of 21

that Ordinary Course Professional during the reported Quarter, as well as the amounts paid to each such Ordinary Course Professional in the two months prior to the Quarter, excluding any prepetition periods, in each case broken down by month; (iii) all postpetition payments made to that Ordinary Course Professional to such date; and (iv) a general description of the services rendered by that Ordinary Course Professional (the "Quarterly Statements").

j.   The UST shall be permitted to file objections with the Court to the payments to the Ordinary Course Professional identified in the Quarterly Statement within fourteen (14) days following service of the Quarterly Statement (the "Quarterly Statement Objection Deadline"). If an objection to the fees and expenses of an Ordinary Course Professional is filed with the Court on or before the Quarterly Statement Objection Deadline, such fees and expenses will be subject to review and approval by the Court pursuant to section 330 of the Bankruptcy Code to the extent that such objection is not consensually resolved.

k.   All payments to Ordinary Course Professionals shall be subject to sections 328(c) and 330 of the Bankruptcy Code.

l.   If the Debtor seeks to retain an Ordinary Course Professional not already listed on **Schedule 1** to the Proposed Order, the Debtor will file with the Court and serve upon the UST a notice listing the Ordinary Course Professionals to be added to the OCP List (the "OCP List Supplement"), along with the OCP Declaration for any professional so added to the OCP List. Such authorization is effective as of the date of filing of the OCP List Supplement or the applicable date of engagement, provided that the latter is no more than thirty (30) calendar days prior to the filing of the OCP List Supplement.

m.   If no objection to the OCP List Supplement is filed with the Court and served upon the Debtor's counsel, as set forth above in section (c) of these Procedures, so as to be actually received within fourteen (14) days after the service thereof, the OCP List, as modified, will be deemed approved by the Court in accordance with the provisions of this Motion and without the need for a hearing or further Court order. Any Ordinary Course Professionals retained pursuant to the OCP List Supplement will be paid in accordance with the terms and conditions set forth in these Procedures.

For the avoidance of doubt, the Debtor reserves its rights to: (a) dispute any invoice submitted by any Ordinary Course Professional; and (b) retain any additional Ordinary Course Professionals from time to time as the need arises in accordance with the Procedures.

### III.

### BASIS FOR RELIEF REQUESTED

A debtor is required to obtain bankruptcy court approval before it is permitted to hire certain professionals and compensate them with funds from property of the estate. As explained below, however, the Bankruptcy Code allows a debtor to retain professionals in the ordinary course of business when they are not representing or assisting the debtor in carrying out its duties under the Bankruptcy Code. 11 U.S.C. § 327(a). The Debtor submits that most of the Ordinary Course

Professionals subject to this Motion may be retained and paid by the Debtor in the ordinary course of business, without Court approval. The Debtor, however, has proposed the Procedures set forth above out of an abundance of caution, in the interest of transparency, to provide the Court and parties in interest an opportunity to object, and to provide assurance to the Ordinary Course Professionals of the Debtor's authority to compensate them for postpetition work.

Section 327(a) of the Bankruptcy Code provides as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

Section 327(e) of the Bankruptcy Code further provides as follows:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

Section 328(a) of the Bankruptcy Code provides, in pertinent part, that the trustee "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment."

Section 330 of the Bankruptcy Code authorizes the court to award reasonable compensation for actual and necessary services rendered by retained professionals. Further, the Court may exercise its broad discretion under section 105(a) of the Bankruptcy Code in connection with the foregoing. 11 U.S.C. § 105(a). Accordingly, the Court has ample authority to approve the Procedures and other relief sought herein.

Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtor for prepetition services rendered to the Debtor, the Debtor does not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtor, its creditors, or other parties in interest with respect to the matters on which they are to be employed. Accordingly, pursuant to the above-cited provisions of the Bankruptcy Code, the Court may authorize the retention of the Ordinary Course Professionals.

Case: 23-30662   Doc# 47   Filed: 10/07/23   Entered: 10/07/23 07:55:24   Page 7 of 21

The Debtor relies on the Ordinary Course Professionals to support a multitude of areas of its business and every day operations. As a result of their prepetition engagements with the Debtor, the Ordinary Course Professionals have obtained significant knowledge of the day to day operations of the Debtor which would make them difficult and costly to replace. In light of the additional costs associated with the preparation of retention applications for professionals that likely will receive relatively small fees as compared to professionals retained to assist the Debtor in prosecuting this Chapter 11 Case, it is impractical and economically inefficient for the Debtor to submit individual retention applications and proposed retention orders for each Ordinary Course Professional. Courts in this and other jurisdictions routinely grant the relief requested herein. *See*, *e.g.*, *In re Wave Computing, Inc.*, Case No. 20-50682 (MEH), Docket No. 253 (Bankr. N.D. Cal. June 19, 2020); *In re PG&E Corp.*, Case No. 19-30088 (DM), Docket No. 707 (Bankr. N.D. Cal. Feb. 27, 2019). Accordingly, the Debtor requests that the Court dispense with the requirement of individual retention applications and retention orders with respect to each Ordinary Course Professional.

Other than the Ordinary Course Professionals, all professionals employed by the Debtor to assist in the prosecution of this Chapter 11 Case will be retained by the Debtor pursuant to separate orders approving separate retention applications.

Based on the foregoing, the Debtor submits that the requested relief is necessary and appropriate, is in the best interests of its estate, and should be granted.

**IV.**

**RESERVATION OF RIGHTS**

Nothing contained herein is intended or shall be construed as: (a) an admission as to the validity of any claim against the Debtor, (b) a waiver of the Debtor's or any appropriate party-in-interest's rights to dispute the amount of, basis for, or validity of any claim, (c) a waiver of the Debtor's or any other party-in-interest's rights under the Bankruptcy Code or any other applicable non-bankruptcy law, or (d) an approval, adoption, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should

not be construed as an admission as to the validity of any claim or a waiver of the Debtor's or any party-in-interest's rights to dispute such claim.

## V.

## NOTICE

Notice of this Motion will be provided to the Master Service List. The Debtor submits that, in light of the nature of the relief requested, no other or further notice is required.

No prior request for the relief sought in this Motion has been made by the Debtor to this Court or any other court.

## VI.

## CONCLUSION

**WHEREFORE,** the Debtor respectfully requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just and proper.

Dated: October 7, 2023      **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Jason H. Rosell*
Debra I. Grassgreen
Jason H. Rosell

*[Proposed] Counsel to the Debtor*

# EXHIBIT A

**Proposed Order**

DOCS_DE:244784.2

PACHULSKI STANG ZIEHL & JONES LLP
Debra I. Grassgreen (CA Bar No. 169978)
Jason H. Rosell (CA Bar No. 269126)
One Sansome Street, Suite 3430
San Francisco, California 94104
Telephone:     (415) 263-7000
Facsimile:     (415) 263-7010
E-mail:        dgrassgreen@pszjlaw.com
               jrosell@pszjlaw.com

*[Proposed] Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Case No. 23-30662-HLB |
| INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, | Chapter 11 |
| Debtor. | **ORDER APPROVING DEBTOR'S MOTION FOR ENTRY OF ORDER (I) AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF** |

The *Debtor's Motion for Entry of Order (I) Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business and (II) Granting Related Relief* [Docket No. ●] (the "Motion"),[3] filed on September 30, 2023 by the International Longshore and Warehouse Union (the "Debtor"), the debtor and debtor-in-possession in the above-captioned bankruptcy case (the "Case"), came before the Court for hearing on November 9, 2023 at 10:00 a.m. (Pacific Time). Appearances were as noted on the record. Based upon the Court's review of the Motion, the declarations and other pleadings filed in support of the Motion, the arguments of counsel at the hearing on the Motion, and all pleadings and evidence of record in this case, and finding that good cause exists for granting the relief requested,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED, as set forth herein.

---

[3]   A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

2.      All objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3.      The Debtors are authorized, but not directed, to retain, compensate, and reimburse Ordinary Course Professionals listed on the OCP List annexed hereto as **Schedule 1**, as such list may be amended or supplemented in accordance with the procedures set forth in paragraph 3(n) below, in accordance with the following approved procedures (the "Procedures"):

    a.    Within thirty (30) days after the later of (i) the entry of an order granting this Motion and (ii) the date on which the Ordinary Course Professional commences post-petition services for the Debtor, each Ordinary Course Professional will provide to the Debtor's counsel a declaration (each, an "OCP Declaration"), substantially in the form attached hereto as **Schedule 2**, certifying, among other things, that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtor or its estate with respect to the matter(s) on which such professional is to be employed.

    b.    Upon receipt of the OCP Declaration, the Debtor will file the same with the Court and serve a copy on the Office of the United States Trustee (the "UST").

    c.    The UST will have fourteen (14) days following the date of service of an OCP Declaration to file with the Court and notify the Debtor's counsel, in writing, of any objection to the retention of an Ordinary Course Professional based on the contents of the OCP Declaration (the "Objection Deadline"). If no objection is filed and served so as to be actually received before the Objection Deadline, the retention and employment of the Ordinary Course Professional shall be deemed approved without further order of the Court.

    d.    If an objection is filed with the Court and served by the Objection Deadline and such objection cannot be resolved within twenty-one (21) days after the Objection Deadline, the matter will be scheduled for adjudication by the Court.

    e.    No Ordinary Course Professional may be paid any amount for invoiced fees and expenses until such Ordinary Course Professional has been retained in accordance with these Procedures.

    f.    Once an Ordinary Course Professional is retained in accordance with these Procedures, the Debtor may pay such Ordinary Course Professional 100% of the fees and 100% of the expenses incurred, upon the submission to, and approval by, the Debtor of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtor's right to dispute any such invoices); *provided* that the Ordinary Course Professional's total compensation and reimbursement will not exceed $50,000 per month on average over any rolling three (3) month period (the "Monthly Fee Cap").

    g.    In the event that an Ordinary Course Professional seeks compensation in excess of the Monthly Fee Cap for any month during this Chapter 11 Case, such Ordinary Course Professional will file a fee application (each, a "Fee Application") for the amount of its fees and expenses in excess of the Monthly Fee Cap, in accordance with sections 330 and 331 of the Bankruptcy Code and

the applicable provisions of the Bankruptcy Rules, the Local Rules, and any other procedures and orders of the Court.

h. Each Fee Application will be served upon the UST, which shall then have fourteen (14) days to object to the Fee Application. If, after fourteen (14) days, no objection to the Fee Application is filed, the Fee Application shall be deemed approved, and the Debtor may pay one-hundred percent (100%) of its fees and one-hundred percent (100%) of its expenses without the need for further action from such Ordinary Course Professional.

i. At three (3) month intervals (each, a "<u>Quarter</u>") during the pendency of this Chapter 11 Case, the Debtor shall file with the Court and serve on the UST no later than thirty (30) days after the end of such Quarter, a statement that shall include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported Quarter, as well as the amounts paid to each such Ordinary Course Professional in the two months prior to the Quarter, excluding any prepetition periods, in each case broken down by month; (iii) all postpetition payments made to that Ordinary Course Professional to such date; and (iv) a general description of the services rendered by that Ordinary Course Professional (the "<u>Quarterly Statements</u>").

j. The UST shall be permitted to file objections with the Court to the payments to the Ordinary Course Professional identified in the Quarterly Statement within fourteen (14) days following service of the Quarterly Statement (the "<u>Quarterly Statement Objection Deadline</u>"). If an objection to the fees and expenses of an Ordinary Course Professional is filed with the Court on or before the Quarterly Statement Objection Deadline, such fees and expenses will be subject to review and approval by the Court pursuant to section 330 of the Bankruptcy Code to the extent that such objection is not consensually resolved.

k. All payments to Ordinary Course Professionals shall be subject to sections 328(c) and 330 of the Bankruptcy Code.

l. If the Debtor seeks to retain an Ordinary Course Professional not already listed on **<u>Schedule 1</u>** to the Proposed Order, the Debtor will file with the Court and serve upon the UST a notice listing the Ordinary Course Professionals to be added to the OCP List (the "<u>OCP List Supplement</u>"), along with the OCP Declaration for any professional so added to the OCP List. Such authorization is effective as of the date of filing of the OCP List Supplement or the applicable date of engagement, provided that the latter is no more than thirty (30) calendar days prior to the filing of the OCP List Supplement.

m. If no objection to the OCP List Supplement is filed with the Court and served upon the Debtor's counsel, as set forth above in section (c) of these Procedures, so as to be actually received within fourteen (14) days after the service thereof, the OCP List, as modified, will be deemed approved by the Court in accordance with the provisions of this Motion and without the need for a hearing or further Court order. Any Ordinary Course Professionals retained pursuant to the OCP List Supplement will be paid in accordance with the terms and conditions set forth in these Procedures.

4. The OCP Declaration, in form attached hereto as **<u>Schedule 2</u>**, is approved.

5. If an Ordinary Course Professional held a retainer as of the date of the commencement of this Chapter 11 Case, then the Ordinary Course Professional shall disclose the amount of the retainer in the OCP Declaration. The Ordinary Course Professional may apply its prepetition retainer against any prepetition claims once its retention and employment is approved in accordance with the Procedures. Notwithstanding anything else herein, nothing in this Order shall authorize the Debtor to pay the pre-petition claim(s) of any non-attorney Ordinary Course Professional.

6. The entry of this Order and approval of the Procedures does not affect the Debtor's ability to: (a) dispute any invoice submitted by an Ordinary Course Professional; and (b) retain additional Ordinary Course Professionals in accordance with this Order and the Procedures, and the Debtor reserves all of its rights with respect thereto.

7. Nothing in the Motion or this Order, nor any actions or payments made by the Debtor pursuant to this Order, shall be construed as: (a) an admission as to the validity of any claim against the Debtor or the existence of any lien against the Debtor's properties, (b) a waiver of the Debtor's rights to dispute any claim or lien on any grounds, (c) a promise to pay any claim, (d) an implication or admission that any particular claim would constitute an allowed claim, (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, or (f) a limitation on the Debtor's rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Order. Nothing contained in this Order shall be deemed to increase, decrease, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

8. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be immediately effective and enforceable upon its entry,

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

1             11.     The Court retains exclusive jurisdiction with respect to all matters arising from or
2    related to the implementation, interpretation, and enforcement of this Order.

**\*\* END OF ORDER \*\***

1                <u>Court Service List</u>

2 Registered ECF participants.

# SCHEDULE 1

## Ordinary Course Professionals

| Ordinary Course Professional | Mailing Address | Description of Services |
|---|---|---|
| Leonard Carder, LLP | 1188 Franklin Street, Suite 201 San Francisco, CA 94109 | Legal advice and representation (labor and 401k plan matters) |
| Barnard Iglitzin & Lavitt LLP | 18 West Mercer Street, Suite 400 Seattle, WA 98119 | Legal advice and representation (labor and employment matters) |
| FTI Consulting (SC) Inc. | 555 12th Street NW, Suite 700 Washington, DC 20004 | Public relations services |
| Haile Girma & Co. | 4900 Shattuck Avenue, #22720 Oakland, CA 94609 | Audit services |
| Larkins Vacura Kayser LLP | 121 SW Morrison Street, Suite 700 Portland, OR 97204 | Legal advice and representation (ICTSI litigation) |
| SE Owens & Company | 312 Clay Street, Suite 300 Oakland, CA 94607 | Accounting and compliance services |
| The Henry Levy Group | 1726 Solano Avenue Berkeley, CA 94707 | Tax services |

# <u>SCHEDULE 2</u>

## OCP Declaration

PACHULSKI STANG ZIEHL & JONES LLP
Debra I. Grassgreen (CA Bar No. 169978)
Jason H. Rosell (CA Bar No. 269126)
One Sansome Street, Suite 3430
San Francisco, California 94104
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail: dgrassgreen@pszjlaw.com
        jrosell@pszjlaw.com

*[Proposed] Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Case No. 23-30662-HLB |
| INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, | Chapter 11 |
| Debtor. | **DECLARATION IN SUPPORT OF EMPLOYMENT OF [_____] AS PROFESSIONAL UTILIZED IN THE ORDINARY COURSE OF BUSINESS** |

I, _____, pursuant to 28 U.S.C. § 1746, declare that the following is true to the best of my knowledge, information, and belief:

1. I am a [position] of [Firm], located at [Street, City, State ZIP Code] (the "<u>Firm</u>"), which has been employed by the debtor and debtor in possession (the "<u>Debtor</u>") in the above-captioned case (the "<u>Chapter 11 Case</u>") in the ordinary course of the Debtor's business. The Debtor wishes to retain the Firm to continue providing ordinary course services during the Chapter 11 Case, and the Firm has consented to provide such services. This Declaration is submitted in compliance with the *Order Approving Debtor's Motion for Entry of Order (I) Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business and (II) Granting Related Relief* (the "<u>Ordinary Course Professionals Order</u>").

2. The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to the Chapter 11 Case for persons that are parties in interest in the Chapter 11 Case. The Firm does not perform services for any such person in connection with the Chapter 11 Case or have any relationship with any such person, their attorneys, or their accountants that would be adverse to the Debtor or its estate.

3. The Debtor has requested that the Firm provide [specific description of services] to the Debtor, and the Firm has consented to provide such services.

4. The Firm [has/has not] provided services to the Debtor prior to the commencement of the Chapter 11 Case.

5. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtor, claimants, and parties in interest in the Chapter 11 Case.

6. Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtor with any other person other than the principal and regular employees of the Firm.

7. Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor or its estate with respect to the matter(s) upon which the Firm is to be employed.

8. The Debtor owes the Firm $[_____] for fees and expenses incurred prior to the date the Chapter 11 Case was commenced (the "Petition Date"), the payment of which is subject to the limitations contained in the Bankruptcy Code and any orders of the Court.

9. As of the Petition Date, the Firm held a prepetition retainer of $ _____.

10. As of the Petition Date, the Firm [was/was not] party to an agreement for indemnification with the Debtor. [A copy of such agreement is attached as **Exhibit A** to this Declaration.]

*[Remainder of Page Intentionally Left Blank]*

11.     The Firm is conducting further inquiries regarding its retention by any creditors of the Debtor, and upon conclusion of such inquiries, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____          _____
                                        [Name]
                                        [Title]
                                        [FIRM NAME]
                                        Address:
                                        Telephone:
                                        Email: