<pre>
PACHULSKI STANG ZIEHL & JONES LLP
Debra I. Grassgreen (CA Bar No. 169978)
Jason H. Rosell (CA Bar No. 269126)
One Sansome Street, Suite 3430
San Francisco, California 94104
Telephone:    (415) 263-7000
Facsimile:    (415) 263-7010
E-mail:       dgrassgreen@pszjlaw.com
              jrosell@pszjlaw.com
</pre>

*Counsel to the Debtor*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION,<br><br>Debtor. | Case No. 23-30662 (HLB)<br><br>Chapter 11<br><br>***EX PARTE* APPLICATION FOR THE ENTRY OF AN ORDER PROVIDING THAT THE AUTOMATIC STAY DOES NOT APPLY TO A PENDING APPEAL INVOLVING A PREPETITION REGULATORY DECISION** |

International Longshore and Warehouse Union ("ILWU" or the "Debtor"), the debtor and debtor in possession in the above-captioned case (the "Chapter 11 Case"), hereby files this *ex parte* application ("Application") for the entry of an order, pursuant to sections 105 and 362 of Title 11 of the United States Code (the "Bankruptcy Code"), finding that the automatic stay does not apply to an appeal currently pending in the Ninth Circuit Court of Appeals involving a prepetition regulatory decision issued by the National Labor Relations Board ("NLRB").

**JURISDICTION AND VENUE**

The United States Bankruptcy Court for the Northern District of California (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Bankruptcy Local Rule 5011-1(a). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

# RELEVANT BACKGROUND

## A. The Chapter 11 Case

On September 30, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code. The Debtor is operating its businesses and managing its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee, committee, or examiner has been made in this Chapter 11 Case.

On October 2, 2023, the United States Trustee appointed Mark Sharf as the subchapter V trustee in this Chapter 11 Case.

## B. The NLRB Action and Appeal

On April 6, 2023, the NLRB issued a *Decision and Order* against the Debtor requiring it to (i) cease and desist from taking certain action to require the employer at Terminal 5 in the Port of Seattle to hire members of the Debtor's union rather than members of the International Association of Machinists and Aerospace Workers, District Lodge 160, Local Lodge 289 ("IAM"), and prohibiting the Debtor from pursuing certain lost work opportunity claims and seeking to enforce an arbitration award relating to work performed at Terminal 5 in the Port of Seattle; and (ii) provide certain notices to the Joint Coast Labor Committee and to take other administrative actions. The Decision and Order is attached to the declaration of Eleanor Morton ("Morton Decl.") as Exhibit A filed concurrently herewith. The Decision and Order did not involve the imposition of any monetary judgment or obligation on the Debtor.

On April 10, 2023, the Debtor filed a *Petition for Review* in the Ninth Circuit Court of Appeals commencing the appeal at issue (the "Appeal"). The Appeal is currently pending as part of consolidated cases under Nos. 23-632, 23-658, 23-780, and 23-793.

On October 4, 2023, the Debtor filed a *Notice of Commencement of Bankruptcy Case* in the Ninth Circuit, **but did not request a stay of the proceedings**. Morton Decl., Ex. B.

On October 9, 2023, IAM, an intervenor in the Appeal and a party to the underlying NLRB proceeding, also filed a *Notice of Filing of Bankruptcy* in the Ninth Circuit, but represented that the

"filing of this bankruptcy petition should stay these proceedings."[1] Morton Decl., Ex. C. IAM did not consult with bankruptcy counsel to the Debtor before filing this pleading.

On November 2, 2023, the Ninth Circuit issued an Order staying the Appeal and requiring the Debtor to provide a status report concerning the bankruptcy proceedings and the status of the automatic stay. Morton Decl., Ex. D.

The Debtor's ability to prosecute the Appeal in a timely manner is of critical importance. The imposition of the automatic stay would continue and prolong the loss of work for members of the International Longshore and Warehouse Union bargaining unit at issue, continue the violation and undermining of collectively-bargained commitments by employers, and prolong the uncertainty about provisions of the collective bargaining agreement created by the pendency of the case.

## LEGAL AUTHORITY

The stay of the Appeal was incorrectly imposed by the Ninth Circuit as NLRB proceedings, especially those that do not involve any money judgment, fall squarely within the "police and regulatory power" exceptions to the automatic stay. Section 362(b)(4) of the Bankruptcy Code specifically exempts from the automatic stay "the commencement or continuation of an action or proceeding by a governmental unit … to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power." 11 U.S.C. § 362(b)(4).

The Ninth Circuit employs two tests to determine whether an action by a governmental agency is exempt from the automatic stay, namely, the pecuniary purpose test (Is the governmental agency pursuing a matter of public safety and welfare rather than a governmental pecuniary interest?) and the public policy test (Is the government action designed to effectuate public policy rather than to adjudicate private rights?). *See, Berg vs. Good Samaritan Hosp., Inc., (In re Berg)*, 230 F.3d 1165 (9th Cir. 2000). The Ninth Circuit has exempted NLRB proceedings from the automatic stay under either analysis. *NLRB vs. Cont'l Hagen Corp.*, 932 F.2d 828, 832 (9th Cir. 1991) (NLRB actions are

---

[1] The Debtor reserves all rights, claims, and causes of action against IAM with respect to its postpetition actions in the Appeal, including its efforts to stay the Appeal.

"designed to prevent employers from violating federal labor law," not to advance the government's claim to a pecuniary interest; and the NLRB, as Congress' 'agent,' does not provide a forum for disputes among private parties.).

Furthermore "[t]here is widespread agreement among the circuits that the National Labor Relations Board and other Congressionally established administrative agencies fall within the category of a governmental unit" and that such proceedings are exempt from the automatic stay. *N.L.R.B. v. P\*I\* E Nationwide, Inc.,* 923 F.2d 506, 512 (7th Cir. 1991) ("it is beyond dispute that the Board is a governmental unit"); *N.L.R.B. v. Edward Cooper Painting, Inc.,* 804 F.2d 934 (6th Cir. 1986); *N.L.R.B. v. Evans Plumbing Co.,* 639 F.2d 291, 293 (5th Cir. 1981) ("it is clear that the N.L.R.B. is a governmental unit"); *In re Bel Air Chateau Hospital, Inc.,* 611 F.2d 1248, 1250-51 (9th Cir. 1979) (N.L.R.B. action is governmental regulatory proceeding); *NLRB vs. 15th Ave. Iron Works, Inc*., 964 F.2d 1336, 1337 (2nd Cir. 1992) (agreeing with the first, fifth, sixth, seventh and ninth circuits that the NLRB is a governmental unit and their proceedings are to enforce their police or regulatory powers); *NLRB vs. Twin Cities Elec*., 907 F.2d 108, 134 (9th Cir. 1990) ("the filing of a bankruptcy petition does not bar or stay an enforcement proceeding instituted by the National Labor Relations Board.").

Entry of an order confirming that the automatic stay does not apply to the Appeal of the NLRB governmental proceeding is consistent with the intent of the Bankruptcy Code and within the Court's equitable powers under section 105(a). That section provides that a "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title . . . [and nothing shall] preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent abuse of process." 11 U.S.C. § 105(a). At least one bankruptcy court has used its equitable powers under section 105 to issue an order providing that a governmental action is not subject to the automatic stay or post-discharge injunction. *See*, *In re Fucilo*, 2002 Bankr. LEXIS 475\* (January 24, 2002 Bankr. S.D.N.Y) (motion for relief from the post-discharge injunction under 105 was granted where governmental action was exempt from automatic stay).

As case law makes clear, the NLRB proceeding, which ultimately resulted in the Debtor's appeal of the Decision and Order, was exempt from the automatic stay provisions under section

362(b)(4) as it represents nothing more than the continuation of a proceeding by a government unit to enforce its police or regulatory powers. Accordingly, the Debtor respectfully requests an order, consistent with **Exhibit A** attached hereto, approving the Application and providing that the Appeal is not subject to the automatic stay so that it may prosecute the Appeal in a timely manner and protect its member's interests.

Dated: November 7, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Jason H. Rosell*
Debra I. Grassgreen
Jason H. Rosell

*Counsel to the Debtor*

**EXHIBIT A**

PACHULSKI STANG ZIEHL & JONES LLP
Debra I. Grassgreen (CA Bar No. 169978)
Jason H. Rosell (CA Bar No. 4964185)
One Sansome Street, 34th Floor, Suite 3430
San Francisco, California 94105-1020
Telephone:     415-263-7000
Facsimile:     415-263-7010
Email:         dgrassgreen@pszjlaw.com
               jrosell@pszjlaw.com

*Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION,<br><br>Debtor. | Case No. 23-30662-HB<br><br>Chapter 11<br><br>**ORDER GRANTING *EX PARTE* APPLICATION FOR THE ENTRY OF AN ORDER PROVIDING THAT THE AUTOMATIC STAY DOES NOT APPLY TO A PENDING APPEAL INVOLVING A PREPETITION REGULATORY DECISION**<br><br>Judge:   Hon. Hannah L. Blumenstiel |

The Court has considered the *ex parte* application of International Longshore and Warehouse Union, the debtor and debtor in possession in the above-captioned case, filed on November 7, 2023 ("Application"), for the entry of an order, pursuant to sections 105 and 362 of Title 11 of the United States Code, finding that the automatic stay does not apply to a consolidated appeal currently pending in the Ninth Circuit Court of Appeals involving a prepetition regulatory decision issued by the National Labor Relations Board, and good cause appearing,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED.

2. The automatic stay under 11 U.S.C. § 362 does not apply to the appeal currently pending in the Ninth Circuit Court of Appeals as Case Nos. 23-632, 23-658, 23-780, and 23-793.

*** END OF ORDER ***