DAVID A. ROSENFELD, Bar No. 058163
JOLENE E. KRAMER, Bar No. 259241
Weinberg, Roger & Rosenfeld
A Professional Corporation
1375 55th Street
Emeryville, California 94608
Telephone (510) 337-1001
Fax (510) 337-1023
E-Mail: bankruptcycourtnotices@unioncounsel.net
drosenfeld@unioncounsel.net
jkramer@unioncounsel.net

Attorneys for MACHINISTS DISTRICT LODGE 190, MACHINISTS DISTRICT LODGE 160, MACHINISTS LOCAL LODGE 289

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION,<br><br>Debtor. | Case No. 23-30662-HLB<br><br>Chapter 11 |

**OPPOSITION TO EX PARTE APPLICATION
TO RELIEF FROM MOTION FOR STAY**

International Association of Machinists and Aerospace Workers, District Lodge 160, Local Lodge 289 (IAM), opposes the Debtor International Longshore and Warehouse Union's ("Debtor" or "ILWU") ex parte application for entry of an order providing the automatic stay does not apply to the pending appeal before the Ninth Circuit. The exception to the automatic stay for the government's exercise and enforcement of its regulatory powers does not apply to prosecution of appeals by private parties in an effort to overturn government actions. Permitting the Debtor to continue prosecuting the Ninth Circuit litigation it initiated would require substantial expenditure of resources, create financial exposure for the Debtor, and risk improper activities including the same unlawful conduct that precipitated this bankruptcy in the first place.

1

The Ninth Circuit's stay of the litigation does not prejudice the Debtor and should remain in place. Accordingly, IAM brings this opposition to the Debtors' application.

1. IAM is a party to the Ninth Circuit litigation from which the Debtor seeks relief from the automatic stay. The IAM opposes the Debtor's application for an order providing the stay does not apply to the pending appeal for the reasons explained below.

2. The Ninth Circuit action consists of four separate matters. First there is the Petition for Review filed by the ILWU in the Ninth Circuit, Case 23-632. Second, a Petition for Review filed by the Employer Association, The Pacific Maritime Association, Case 23-658. Third a Petition for Review filed by the IAM, Case 23-793. That Petition for Review was initially filed in the D.C. Circuit but was consolidated by a Consolidation Order from the Judicial Panel on Multidistrict Litigation with the other cases in the Ninth Circuit. Fourth, there is a Cross-Application for enforcement filed by the National Labor Relations Board in Case 23-632 which cross-application was docketed at 23-780. These cases have all been consolidated by the Ninth Circuit.

3. The Court stayed the briefing schedule, which was set to begin in December, because it received notification of the pendency of the bankruptcy filing. See Exhibit to Declaration of Eleanor Morton.

4. The briefing in this case will be extremely complicated because of the scope of the issues raised. The Pacific Maritime Association, the ILWU and the Machinists Union each has a Petition for Review. Each will raise various issues.

5. The IAM will be raising issues of remedy, seeking additional remedies including monetary remedies to be imposed upon the ILWU. Monetary remedies will only be addressed later by the Board on remand if the Ninth Circuit orders a remand on the remedial issue.

6. At stake in the Board's order is an order that the ILWU rescind certain grievances filed against the employer involved, SSA Terminals. The dispute involves work at Terminal 5 in Seattle. The ILWU filed grievances which the Board has ordered the ILWU to rescind. The Board ordered the ILWU to rescind those grievances and directed that the ILWU could not bring additional grievances which grievances against SSA.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

7. The IAM membership had been performing the work at Terminal 5 since the fall of 2020. SSA Terminals the employer involved is fully satisfied with the members of the IAM performing work at Terminal 5 and expressed a preference to use the IAM mechanics. The Board expressly found that SSA Terminals wishes to use the IAM members at Terminal 5.

8. The ILWU seeks to be able by coercive tactics to force SSA Terminals to fire the IAM represented mechanics and to hire ILWU represented mechanics. Contrary to the representation of the ILWU, its workforce has grown substantially, and its efforts constituted work acquisition, not work preservation.

9. Contrary to the assertions of the ILWU, its workforce was fully employed during this litigation. These issues are before the Ninth Circuit.

10. The ILWU represents in this Motion that if it wins before the Ninth Circuit its members will begin performing that work. There is no certainty and nothing in the record suggests that SSA Terminals would decide to terminate and fire all machinist members who are performing this work and hire inexperienced and more expensive ILWU personnel.

11. The ILWU filed this bankruptcy claiming that it could not afford the attorneys' fees in defending from its unlawful conduct in the ICTSI litigation. The same kind of unlawful conduct is involved in the Ninth Circuit case, namely jurisdictional disputes and failure to comply with Board Orders resolving those jurisdictional disputes. This Court should not allow the Debtor to waste further substantial resources in this proposed Subchapter V Plan to continue the same kind of illegal conduct which created the bankruptcy to begin with.

12. As noted above, the ILWU is continuing to commit the same violations which caused the bankruptcy. Admittedly there has been no strike or picketing yet but the ILWU has not promised that it will not picket or strike in support of its jurisdictional demands. Moreover, fundamentally the ILWU continues the same course of illegal conduct. This Court should not grant a stay because it needs to consider whether to grant relief under Subchapter V depending upon whether there is any likelihood of ILWU continued unlawful conduct and whether the Subchapter V Plan otherwise meets legal obligations.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

13. The ILWU engaged in coercive tactics during the recent roughly 14-month hiatus between the last expired contract on June 30, 2022 and the recently ratified new agreement. During that period, it engaged in multiple work stoppages, slowdowns and other illegal tactics, some of which led to loss of work by IAM represented employees.

14. Potentially SSA Terminals the employer involved and potentially the members of the IAM will have damage claims if the ILWU continues in this grievance processing or IAM members lose work or where SSA suffers any work stoppages or other interference with its operations at Terminal 5 the major terminal in the Port of Seattle.

15. Although we recognize that as the ILWU points out, the Courts have generally not stayed cases in Courts of Appeals where the National Labor Relations Board has sought enforcement of Board Orders, those cases do not address the question of whether that exception from the stay is appropriate when private parties like the Debtor and others are seeking review of the Board Order to prevent enforcement. Here, as noted above, the ILWU is seeking review of the Board Order. The Pacific Maritime Association is seeking review of the Board Order. The Machinists Union is seeking review of the Board Order. In particular the Machinists Union is seeking a much broader remedy against the ILWU that provided for by the Board. The Cross-Petition for enforcement is directed only at the ILWU. See, generally, *NLRB v. Continental Hagen Corp.*, 632 F.2d 828, 831-32 (9th Cir. 1991).

16. This is an important distinction because the statutory exception to the automatic stay for the government's exercise and enforcement of its regulatory powers does not apply to private parties in an effort to overturn governmental actions. 11 U.S.C. § 362(b)(4) provides an exception for "the commencement or continuation of an action or proceeding *by a governmental unit* to enforce such governmental unit's police or regulatory power." It does not provide for the commencement or continuation of an action by a private party seeking to vacate a government order. Similarly, 111 U.S.C. § 362(b)(5) provides an exception to the stay for "the *enforcement of a judgment* … obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." It does not provide for the prosecution of appeals by private parties in an effort to prevent enforcement of an agency's order. Permitting the

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

4

Case: 23-30662    Doc# 79    Filed: 11/09/23    Entered: 11/09/23 15:33:46    Page 4 of 6

ILWU to prosecute the appeal it initiated to challenge the Board's order would result in a substantial expenditure of resources not to further public policy and the government's ability to enforce its regulatory powers, but to circumvent the government's decision and enforcement of its regulatory powers. Allowing all parts of the consolidated litigation to move forward would also permit private parties like the IAM to seek to have the Court modify and substantially broaden the remedy against the Debtor. The language of the statute does not permit this, but instead requires such litigation to be stayed.

17. Permitting private parties to pursue appeals of government actions is also undesirable because it risks financial exposure. The ILWU would like to force the employer involved SSA Terminals to fire all of the IAM mechanics. The mechanics would then have a potential claim against the ILWU and/or the employer involved. The employer itself would incur very substantial expenses where the ILWU engage in picketing, strike or other efforts to force SSA to terminate the IAM mechanics who are performing the work at Terminal 5. There is potential civil monetary relief on all sides. The ILWU must believe that the IAM has monetary claims since it is listed as a creditor. A further coercive activity by the ILWU could lead to another action pursuant to 29 U.S.C. § 187, the same statute which is the basis of the ICTSI action.

18. A stay will not prejudice the ILWU. The Court has set a date in February 2024 for Plan confirmation. If the Plan is confirmed that the ILWU can raise this issue again. At most a stay will delay the briefing for several months. Under Ninth Circuit procedures, this is not likely to stay or to delay oral argument by much because the Ninth Circuit is now generally fairly promptly setting oral argument after the briefing is completed. Moreover, the financial statements do not such that the income of the ILWU will be affected materially by the outcome of his dispute.

19. The ILWU has not sought the position of the National Labor Relations Board or SSA Terminals. SSA Terminals is the directly affected employer. It has also not sought the position of the Pacific Maritime Association, the other party in the Ninth Circuit. It did represent

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

5

Case: 23-30662    Doc# 79    Filed: 11/09/23    Entered: 11/09/23 15:33:46    Page 5 of 6

to this Court that it had sought the position of the IAM which is a party directly affected. It just summarily sought an ex parte order. This conduct should not be sanctioned by this Court.

20. This Court lacks the power to enter an order effectively overruling the Ninth Circuit's order staying the briefing. This request should be directed in the first instance to that Court.

21. The ILWU maintains that the Coast Longshore Division is a separate entity and has he authority to enforce the terms of the PCLCD. The Coast Longshore Division has not joined in this motion.

22. For the reasons suggested above, this Court should deny the request for relief from the automatic stay. The Ninth Circuit order staying the briefing schedule should remain in place until after the Court rules on the confirmation or hearing on whether to confirm the Subchapter 5 Plan. Alternatively, the Court should set this down for a full hearing.

Dated: November 9, 2023

Respectfully Submitted,

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: /s/ *Jolene E. Kramer*
DAVID A. ROSENFELD
JOLENE E. KRAMER

Attorneys for Machinists District Lodge 190, Machinists District Lodge 160, Machinists Local Lodge 289, and the International Association of Machinists