Mark M. Sharf
Subchapter V Trustee
6080 Center Drive, 6th Floor
Los Angeles, CA  90045
Telephone:  (323)612-0202
Email:  mark@sharflaw.com

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case Number:  23-30662 |
| INTERNATIONAL LONGSHORE AND WAREHOUSE UNION | Chapter 11 |
| Debtor(s). | **OPPOSITION TO MOTION FOR AUTHORITY TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS** |
| | Date: November 16, 2023<br>Time: 10:00 a.m.<br>Place: Zoom / Telephonic<br>Judge: Hon. Hannah L. Blumenstiel |

     Mark Sharf, Subchapter V Trustee, objects to the Motion for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Motion" which is ECF 56 in this case).  It is critical to not only distinguish this case from Knudsen, but to also view the Motion in light of the purposes of Subchapter V - - to provide for a cost-effective method of reorganization and to encourage the confirmation of consensual Plans.

     Unlike the Knudsen case, this is a Subchapter V case.  In Subchapter V all debtors' counsel know, prior to taking the case, that their fees may be paid out over time pursuant to Section 1191(e) if plan confirmation is not consensual.  Knudsen's rationale - - that debtor's counsel should not be

forced to finance the case - - simply does not apply where debtor's counsel chose that option by agreeing to represent a Subchapter V debtor.

Allowing the current payment of fees - - and thus allowing the depletion of the $9 million being held by the Debtor - - will create a reward cycle which makes it less likely that a consensual plan will ever be reached. It would encourage more legal work, leaving less money available to pay creditors and thus lowering the chance of a consensual plan. These are incentives which are contrary to those already built into Subchapter V, and for that reason the Trustee opposes the Motion.

Further, this is not an unusually large case. By definition it is a small business case, and there is no need for an exceptionally large amount of fees to be incurred each month. The Debtor, essentially spending the money of creditors, may choose to incur large fees each month, but that is not an outcome that should be encouraged. It should also be noted that Debtor's counsel took a $200,000 retainer fee. That amount should be more than sufficient to cover a large portion of fees through plan confirmation.

Dated: November 9, 2023                             /s/ Mark M. Sharf
                                                    Mark M. Sharf, Trustee

# CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2023, I determined that the following persons will be served with the foregoing pleading electronically via ECF/Pacer.

Lori Butler    butler.lori@pbgc.gov
Jared A. Day    jared.a.day@usdoj.gov
Paula De Felice    defelicealejandro.paula@pbgc.gov
Daniel I. Forman    dforman@willkie.com
Christina Lauren Goebelsmann    christina.goebelsmann@usdoj.gov
Debra I. Grassgreen    dgrassgreen@pszjlaw.com, hphan@pszjlaw.com
Ori Katz    okatz@sheppardmullin.com, LSegura@sheppardmullin.com
Jolene Kramer    jkramer@unioncounsel.net, bankruptcycourtnotices@unioncounsel.net
Office of the U.S. Trustee / SF    USTPRegion17.SF.ECF@usdoj.gov
Jonathan Alan Patchen    jpatchen@willkie.com
Mai Lan G. Rodgers    rodgers.mailan@pbgc.gov
Jason Rosell    jrosell@pszjlaw.com, mrenck@pszjlaw.com
Mark M. Sharf    mark@sharflaw.com, msharf00@gmail.com;sharf1000@gmail.com;C188@ecfcbis.com;msharf00@gmail.com;2180473420@filings.docketbird.com
Phillip John Shine    phillip.shine@usdoj.gov

Dated: 11/9/2023            /s/ Mark M. Sharf
                                Mark M. Sharf