

Signed and Filed: November 14, 2023

_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

PACHULSKI STANG ZIEHL & JONES LLP
Debra I. Grassgreen (CA Bar No. 169978)
Jason H. Rosell (CA Bar No. 269126)
One Sansome Street, Suite 3430
San Francisco, California 94104
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail: dgrassgreen@pszjlaw.com
         jrosell@pszjlaw.com

*Counsel to the Debtor*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 23-30662-HLB |
| INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, | Chapter 11 |
| Debtor. | **ORDER APPROVING DEBTOR'S MOTION FOR ENTRY OF ORDER (I) AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF** |

The *Debtor's Motion for Entry of Order (I) Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business and (II) Granting Related Relief* [Docket No. 47] (the "Motion"),[1] filed by the International Longshore and Warehouse Union (the "Debtor"), the debtor and debtor-in-possession in the above-captioned bankruptcy case (the "Case"), came before the Court for hearing on November 9, 2023 at 10:00 a.m. (Pacific Time). Appearances were as noted on the record. Based upon the Court's review of the Motion, the declarations and other pleadings filed in support of the Motion, the arguments of counsel at the hearing on the Motion, and all pleadings and evidence of record in this Case, and finding that good cause exists for granting the relief requested,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. All objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

---

[1] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

3. The Debtors are authorized, but not directed, to retain, compensate, and reimburse Ordinary Course Professionals listed on the OCP List annexed hereto as **Schedule 1** in accordance with the following approved procedures (the "Procedures"):

 a. Within thirty (30) days after the later of (i) the entry of an order granting this Motion and (ii) the date on which the Ordinary Course Professional commences postpetition services for the Debtor, each Ordinary Course Professional will provide to the Debtor's counsel a declaration (each, an "OCP Declaration"), substantially in the form attached hereto as **Schedule 2**, certifying, among other things, that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtor or its estate with respect to the matter(s) on which such professional is to be employed.

 b. Upon receipt of the OCP Declaration, the Debtor will file the same with the Court and serve a copy on the Office of the United States Trustee (the "UST").

 c. The UST and the Subchapter V Trustee will have fourteen (14) days following the date of service of an OCP Declaration to file with the Court and notify the Debtor's counsel, in writing, of any objection to the retention of an Ordinary Course Professional based on the contents of the OCP Declaration (the "Objection Deadline"). If no objection is filed and served so as to be actually received before the Objection Deadline, the retention and employment of the Ordinary Course Professional shall be deemed approved without further order of the Court.

 d. If an objection is filed with the Court and served by the Objection Deadline and such objection cannot be resolved within twenty-one (21) days after the Objection Deadline, the matter will be scheduled for adjudication by the Court.

 e. No Ordinary Course Professional may be paid any amount for invoiced fees and expenses until such Ordinary Course Professional has been retained in accordance with these Procedures.

 f. Once an Ordinary Course Professional is retained in accordance with these Procedures, the Debtor may pay such Ordinary Course Professional 100% of the fees and 100% of the expenses incurred, upon the submission to, and approval by, the Debtor of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtor's right to dispute any such invoices); *provided* that the Ordinary Course Professional's total compensation and reimbursement will not exceed $25,000 per month (the "Monthly Fee Cap"); *provided, however*, that any unused portion of the Monthly Fee Cap shall be rolled forward and increase the next month's Monthly Fee Cap by an equal amount.

 g. In the event that an Ordinary Course Professional seeks compensation in excess of the Monthly Fee Cap for any month during this Chapter 11 Case, such Ordinary Course Professional will file a fee application (each, a "Fee Application") for the amount of its fees and expenses in excess of the Monthly Fee Cap, in accordance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any other procedures and orders of the Court.

h. Each Fee Application will be served upon the UST, which shall then have fourteen (14) days to object to the Fee Application. If, after fourteen (14) days, no objection to the Fee Application is filed, the Fee Application shall be deemed approved, and the Debtor may pay one-hundred percent (100%) of its fees and one-hundred percent (100%) of its expenses without the need for further action from such Ordinary Course Professional.

i. Beginning on February 9, 2024, and at three (3) month intervals thereafter (each, a "Quarter"), the Debtor shall file with the Court and serve on the UST no later than thirty (30) days after the end of such Quarter, a statement that shall include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported Quarter, as well as the amounts paid to each such Ordinary Course Professional in the two (2) months prior to the Quarter, excluding any prepetition periods, in each case broken down by month; (iii) all postpetition payments made to that Ordinary Course Professional to such date; and (iv) a general description of the services rendered by that Ordinary Course Professional (the "Quarterly Statements").

j. The UST shall be permitted to file objections with the Court to the payments to the Ordinary Course Professional identified in the Quarterly Statement within fourteen (14) days following service of the Quarterly Statement (the "Quarterly Statement Objection Deadline"). If an objection to the fees and expenses of an Ordinary Course Professional is filed with the Court on or before the Quarterly Statement Objection Deadline, such fees and expenses will be subject to review and approval by the Court pursuant to section 330 of the Bankruptcy Code to the extent that such objection is not consensually resolved.

k. All payments to Ordinary Course Professionals shall be subject to sections 328(c) and 330 of the Bankruptcy Code.

4. The OCP Declaration, in form attached hereto as **Schedule 2**, is approved.

5. If an Ordinary Course Professional held a retainer as of the date of the commencement of this Chapter 11 Case, then the Ordinary Course Professional shall disclose the amount of the retainer in the OCP Declaration. The Ordinary Course Professional may apply its prepetition retainer against any prepetition claims once its retention and employment is approved in accordance with the Procedures. Notwithstanding anything else herein, nothing in this Order shall authorize the Debtor to pay the pre-petition claim(s) of any non-attorney Ordinary Course Professional.

6. The entry of this Order and approval of the Procedures does not affect the Debtor's ability to: (a) dispute any invoice submitted by an Ordinary Course Professional; and (b) retain additional Ordinary Course Professionals in accordance with this Order and the Procedures, and the Debtor reserves all of its rights with respect thereto.

7. Nothing in the Motion or this Order, nor any actions or payments made by the Debtor pursuant to this Order, shall be construed as: (a) an admission as to the validity of any claim against the Debtor or the existence of any lien against the Debtor's properties, (b) a waiver of the Debtor's rights to dispute any claim or lien on any grounds, (c) a promise to pay any claim, (d) an implication or admission that any particular claim would constitute an allowed claim, (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, or (f) a limitation on the Debtor's rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Order. Nothing contained in this Order shall be deemed to increase, decrease, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

8. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be immediately effective and enforceable upon its entry,

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**\*\* END OF ORDER \*\***

**APPROVED AS TO FORM:**

*/s/ Mark Sharf*
Mark Sharf, Subchapter V Trustee
6080 Center Drive, Suite 600
Los Angeles, CA 90045
Phone: (818) 961-7170

<u>Court Service List</u>

Registered ECF participants.

# SCHEDULE 1

## Ordinary Course Professionals

| Ordinary Course Professional | Mailing Address | Description of Services |
|---|---|---|
| Leonard Carder, LLP | 1188 Franklin Street, Suite 201<br>San Francisco, CA 94109 | Legal advice and representation (labor and 401k plan matters) |
| Barnard Iglitzin & Lavitt LLP | 18 West Mercer Street, Suite 400<br>Seattle, WA 98119 | Legal advice and representation (labor and employment matters) |
| FTI Consulting (SC) Inc. | 555 12th Street NW, Suite 700<br>Washington, DC 20004 | Public relations services |
| Haile Girma & Co. | 4900 Shattuck Avenue, #22720<br>Oakland, CA 94609 | Audit services |
| Larkins Vacura Kayser LLP | 121 SW Morrison Street, Suite 700<br>Portland, OR 97204 | Legal advice and representation (ICTSI litigation) |
| SE Owens & Company | 312 Clay Street, Suite 300<br>Oakland, CA 94607 | Accounting and compliance services |
| The Henry Levy Group | 1726 Solano Avenue<br>Berkeley, CA 94707 | Tax services |

# SCHEDULE 2

## OCP Declaration

PACHULSKI STANG ZIEHL & JONES LLP
Debra I. Grassgreen (CA Bar No. 169978)
Jason H. Rosell (CA Bar No. 269126)
One Sansome Street, Suite 3430
San Francisco, California 94104
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail: dgrassgreen@pszjlaw.com
jrosell@pszjlaw.com

Counsel to the Debtor

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION,<br><br>Debtor. | Case No. 23-30662-HLB<br><br>Chapter 11<br><br>**DECLARATION IN SUPPORT OF EMPLOYMENT OF [_____] AS PROFESSIONAL UTILIZED IN THE ORDINARY COURSE OF BUSINESS** |

I, _____, pursuant to 28 U.S.C. § 1746, declare that the following is true to the best of my knowledge, information, and belief:

1. I am a [position] of [Firm], located at [Street, City, State ZIP Code] (the "Firm"), which has been employed by the debtor and debtor in possession (the "Debtor") in the above-captioned case (the "Chapter 11 Case") in the ordinary course of the Debtor's business. The Debtor wishes to retain the Firm to continue providing ordinary course services during the Chapter 11 Case, and the Firm has consented to provide such services. This declaration is submitted in compliance with the *Order Approving Debtor's Motion for Entry of Order (I) Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business and (II) Granting Related Relief* (the "Ordinary Course Professionals Order").

2. The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to the Chapter 11 Case for persons that are parties in interest in the Chapter 11 Case. The Firm does not perform services for any such person in connection with the Chapter 11 Case or have any relationship with any such person, their attorneys, or their accountants that would be adverse to the Debtor or its estate.

3. The Debtor has requested that the Firm provide [specific description of services] to the Debtor, and the Firm has consented to provide such services.

4. The Firm [has/has not] provided services to the Debtor prior to the commencement of the Chapter 11 Case.

5. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtor, claimants, and parties in interest in the Chapter 11 Case.

6. Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtor with any other person other than the principal and regular employees of the Firm.

7. Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor or its estate with respect to the matter(s) upon which the Firm is to be employed.

8. The Debtor owes the Firm $[_____] for fees and expenses incurred prior to the date the Chapter 11 Case was commenced (the "Petition Date"), the payment of which is subject to the limitations contained in the Bankruptcy Code and any orders of the Court.

9. As of the Petition Date, the Firm held a prepetition retainer of $ _____.

10. As of the Petition Date, the Firm [was/was not] party to an agreement for indemnification with the Debtor. [A copy of such agreement is attached as **Exhibit A** to this Declaration.]

*[Remainder of Page Intentionally Left Blank]*

11. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtor, and upon conclusion of such inquiries, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____

_____
[Name]
[Title]
[FIRM NAME]
Address:
Telephone:
Email: