

Signed and Filed: December 4, 2023

_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Case No. 23-30662 HLB |
| | ) |
| INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, | ) Chapter 11 |
| | ) |
| Debtor. | ) |

**SECOND ORDER REGARDING DISCOVERY DISPUTE**

On November 16, 2023, the court entered an Order Regarding Discovery Dispute.[1] The very next day, creditor ICTSI Oregon, Inc. ("ICTSI") demanded that the court resolve yet another set of discovery disputes that it claims have arisen between it and Debtor International Longshore & Warehouse Union ("ILWU"). Pursuant to the court's instructions, ILWU submitted a response to ICTSI's correspondence on November 28, 2023. The court has carefully reviewed both letters.

ICTSI complains that ILWU has objected to producing the following categories of discovery material:

**1.** Material relating to ILWU's Coast Longshore Division ("CLD") or other third-party obligations to pay ILWU's attorneys' fees and costs;

---
[1] Dkt. 97 (the "First Discovery Order").

    **2.** Material pertaining to CLD stored on ILWU's servers or email systems or in ILWU's office;

    **3.** Material in the possession or under the control of ILWU's alleged "agents, representatives, accountants, and attorneys", whom ICTSI does not identify;

    **4.** Material relating to the business and financial relationships between ILWU and its political action fund ("PAF") and its title-holding company, Pacific Longshoremen's Memorial Association ("PLMA"); **and**

    **5.** Material relevant to other litigation in which ILWU is involved.

Next, ICTSI complains that ILWU's methods for searching for responsive electronic material are inadequate, and it insists that the court provide detailed instructions to ILWU, including apparently crafting electronic search terms that expand those ILWU proposed to ICTSI.

    ILWU raises almost no objections[2] to the production of the foregoing material and contends that it has produced or is in the process of producing all responsive material in its possession or control. As to ICTSI's complaints about ILWU's search methodology, ILWU argues that ICTSI has "refused to engage" in any discussion about what search terms or parameters might be appropriate. ILWU asserts that ICTSI, having refused to fulfill

---

[2] ILWU objects to the temporal scope of ICTSI's discovery requests aimed at ILWU's relationships with PLMA and PAF on the grounds that they demand material dating as far back as January 1, 2012. The court reminds both parties that the First Discovery Order limited the relevant period to September 30, 2016 to the petition date. The court expects compliance with the First Discovery Order. ILWU also contends that it has produced its audited financial statements and that these documents "should be sufficiently responsive to ICTSI's requests."

its obligation to meet and confer on this point, should not be afforded any relief.

As to ILWU's last point, the court agrees. ICTSI has not fulfilled its obligation to meet and confer in good faith. Instead of working with ILWU to come up with mutually acceptable search terms, it chose instead to cast aspersions and unnecessarily burden the court. The court will not tolerate such misconduct.

Following due consideration, the court **ORDERS** as follows:

**1.** ILWU shall produce all responsive, non-privileged material within its possession or under its control in categories 1-5, above. Consistent with the First Discovery Order, the relevant period for such production shall be September 30, 2016 to petition date.

**2.** To the extent ICTSI asks the court to dictate the terms ILWU should use to search for electronically stored information, the court **DENIES** that request on the basis that ICTSI entirely failed to satisfy its obligation to meet and confer with ILWU on that subject.

**3.** The court finds and concludes that ICTSI has abused the court's expedited discovery procedures. Accordingly, to the extent ICTSI wishes to raise additional discovery issues with the court, it shall do so via a motion noticed pursuant to B.L.R. 9014-1(c)(1). ICTSI may no longer utilize the court's expedited discovery procedures.

**\*\*END OF ORDER\*\***

**Court Service List**