Aaron D. Samsel New York Bar No. 5832696
Matheus Teixeira Georgia Bar No. 389779
National Labor Relations Board
Contempt, Compliance, and Special Litigation Branch
1015 Half St. SE, 4th Floor
Washington, D.C. 20003
Telephone (202) 273-2959
Fax (202) 273-4244
E-Mail: Aaron.Samsel@nlrb.gov
       Matheus.Teixeira@nlrb.gov
       ccslb@nlrb.gov

*Counsel for the National Labor Relations Board*

FILED
DEC -5 2023
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

In Re:

INTERNATIONAL LONGSHORE AND
WAREHOUSE UNION,

          Debtor.

Case No. 23-30662-HLB
Chapter 11

**NLRB'S BRIEF IN SUPPORT OF DEBTOR'S EX PARTE APPLICATION FOR THE ENTRY OF AN ORDER PROVIDING THAT THE AUTOMATIC STAY DOES NOT APPLY TO THE NINTH CIRCUIT'S PROCEEDINGS ENFORCING OR VACATING AN ORDER BY THE NLRB**

The National Labor Relations Board ("the NLRB") submits this Brief in Support of the Debtor's *ex parte* application for an order providing that the automatic stay does not apply to consolidated enforcement and review proceedings pending in the Ninth Circuit pursuant to Sections 10(e) and (f) the National Labor Relations Act, 29 U.S.C. §§ 160(e), (f) (the "NLRA") ("Debtor's Application") [ECF No. 72]. For the reasons identified in the Debtor's Application, and those discussed below, this Court should enter an order pursuant to Section 362(b)(4) of

1

Title 11 of the Bankruptcy Code [11 U.S.C. § 362], finding that the automatic stay does not apply to the Ninth Circuit's consolidated proceedings, which seek to enforce or review a final order of the NLRB.

**I.  Background**

On April 6, 2023, the NLRB issued its Decision and Order (the "Board Order") against the International Longshore and Warehouse Union ("ILWU" or "Debtor"). 372 NLRB No. 66 (2023). The Board Order requires, among other things, that the Debtor cease pursuing lost work opportunity claims against SSA Terminals, LLC, concerning work that employees represented by the International Association of Machinists and Aerospace Workers ("IAM") are currently performing. *Id.* at *3.

Three petitions for review of the Board's Order were subsequently filed with the Ninth Circuit Court of Appeals, including *International Longshore and Warehouse Union and International Longshore and Warehouse Union, Local 19 v. NLRB* (Docket No. 23-632); *Pacific Maritime Association v. NLRB* (Docket No. 23-658); and *International Association of Machinists and Aerospace Workers, District Lodge 160, Local Lodge 289 v. NLRB* (Docket No. 23-793). On April 27, 2023, the NLRB filed a cross-application for enforcement of the Board Order in the Ninth Circuit in *NLRB v. International Longshore and Warehouse Union, et al.* (Docket No. 23-780). On June 13, 2023, the Ninth Circuit issued an order consolidating the NLRB's cross application for enforcement with the three petitions for review. (Docket No. 23-780, ECF No. 16).

Importantly, in the consolidated cases pending in the Ninth Circuit, the NLRB is not seeking to collect money; instead, it is seeking solely to affix liability under the NLRA. The NLRB's order includes no monetary liability.

On October 4, 2023, the ILWU notified the Ninth Circuit of the instant bankruptcy proceeding, and on October 9, 2023, the IAM filed a notice asking the Ninth Circuit to stay the consolidated cases due to the filing of the ILWU's Bankruptcy Petition. (Docket No. 23-780, ECF Nos. 19 and 20). On November 2, 2023, the Ninth Circuit stayed the consolidated appellate proceedings pursuant to the automatic stay imposed by the filing of the ILWU's bankruptcy petition. (Docket No. 23-780, ECF No. 22).

The ILWU then filed with this Court, its *Ex Parte* Motion for Relief from Stay and a declaration in support of that motion on November 7, 2023. (ECF Nos. 72 and 73). Its filing was later corrected as ordered by the Court in its November 14, 2023 Docket Text Order to include the proper cover sheet. (ECF No. 98). On November 9, 2023, the IAM filed a Memorandum in Opposition to the ILWU's *Ex Parte* Motion for Relief from Stay. (ECF No. 79). On November 30, 2023, the IAM filed a Further Opposition to Motion for Relief from Stay. (ECF No. 104). On December 4, 2023, the Court struck the IAM's Further Opposition. (Docket Text Order, Dec. 4, 2023). The Court has scheduled a hearing on the ILWU's motion to take place on December 7, 2023. (ECF No. 80).

**II. The consolidated proceedings before the Ninth Circuit are being litigated pursuant to the NLRB's police and regulatory power and therefore are excepted from the automatic stay.**

1. <u>The NLRB's Cross-Application for Enforcement is excepted from the automatic stay.</u>

Generally, Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as an automatic stay of proceedings against a bankruptcy debtor. 11 U.S.C. § 362; *NLRB v. Cont'l Hagen Corp.*, 932 F.2d 828, 832 (9th Cir. 1991) (Section 362 of the Bankruptcy Code "generally functions as a stay to all other proceedings against the debtor."). However, Section 362(b)(4) provides that the automatic stay does not apply to "the

3

commencement or continuation of an action or proceeding by a governmental unit…to enforce its police or regulatory power." *Id.* This exception to the stay authorizes governmental units to pursue "the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce [its] police or regulatory power." *Id.* As plainly stated in the statute, the only limitation built into this exception is that the government is precluded from enforcing a "money judgement." *Id.*

The NLRB is an independent regulatory agency of the United States Government, statutorily vested with the responsibility for administering and enforcing the NLRA. *See id.* at 832-33. Under the NLRA, Board orders are subject to review *only* in the United States Courts of Appeals. *See* 29 U.S.C. § 160(e) (authorizing NLRB to petition the court for enforcement of a Board order) and § 160(f) (authorizing any aggrieved person to seek appellate review of a Board order). Thus, the NLRB cannot enforce its own orders, but rather, must rely on the courts of appeals to enter judgments enforcing the NLRB's orders. *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 48 (1938).

The Ninth Circuit has affirmed that NLRB enforcement proceedings in the courts of appeals brought under Section 10(e) of the NLRA, 29 U.S.C. § 160(e), fall squarely within the police and regulatory exception to the automatic stay. *Cont'l Hagen Corp.*, 932 F.2d at 833-35; *NLRB v. Twin Cities Elec.*, 907 F.2d 108 (9th Cir. 1990). Indeed, there is "widespread agreement among the circuits" that government agencies such as the NLRB, are governmental units authorized to maintain actions to enforce their police or regulatory power as defined in Section 362(b)(4) of the Bankruptcy Code. *Ahrens Aircraft, Inc. v. NLRB*, 703 F.2d 23, 24 (1st Cir. 1983) (per curiam); *NLRB v. 15th Ave. Iron Works, Inc.*, 964 F.2d 1336, 1337 (2d Cir. 1992) (per curiam); *NLRB v. Evans Plumbing Co.*, 639 F.2d 291, 293 (5th Cir. 1981) (per curiam); *NLRB v.*

4

*Edward Cooper Painting, Inc.*, 804 F.2d 934, 941 & n.6 (6th Cir. 1986); *NLRB v. P\*I\*E Nationwide, Inc.*, 923 F.2d 506, 512 (7th Cir. 1991). The IAM appears to concede this point in its opposition to the Debtor's Application, stating that "[c]ourts have generally not stayed cases in Courts of Appeals where the [NLRB] has sought enforcement of Board Orders…" [ECF 79, p. 4, line 9-11]. As shown below, the NLRB's enforcement proceeding before the Ninth Circuit is precisely the type of action that is excepted from the automatic stay.

The Ninth Circuit has applied two tests to evaluate whether a government action is, in fact, within the scope of the police and regulatory exception: the pecuniary purpose test and the public policy test. *Cont'l Hagen Corp.*, 932 F.2d at 833-34; *City & County of San Francisco v. PG&E Corp.*, 433 F.3d 1115, 1124 (9th Cir. 2006). Under the pecuniary purpose test, the court must determine "whether the government action relates primarily to the protection of the government's pecuniary interest in the debtor's property or to matters of public safety and welfare." *In re Universal Life Church, Inc.*, 128 F.3d 1294, 1297 (9th Cir. 1997) (citing *Cont'l Hagen*, 932 F.2d at 833). Here, the Board Order subject to the Ninth Circuit proceedings directly imposes no financial liability on ILWU; therefore, the NLRB is not seeking to protect any pecuniary interest in the Debtor's property that would result in the NLRB obtaining an advantage over creditors in the bankruptcy proceeding. Instead, the NLRB's action to enforce the Board Order, and therefore the NLRA, is designed to serve the public interest in the rights protected by the statute by imposing cease and desist and affirmative obligations upon ILWU to remedy its violations of the NLRA, as explained further below.

Under the public policy test, the court must determine whether the government action intends to "effectuate public policy" or to "adjudicate private rights." *Cont'l Hagen*, 932 F.2d at 833 (citation omitted). NLRB actions often pass the public policy test as "no private action arises

5

under the [NLRA]…[T]he NLRB determines which complaints it will act upon in its own name in furthering the policies of the federal labor laws." *Id.* at 834 (citing *In re Adams Delivery Service*, 24 B.R. 589, 592 (B.A.P. 9th Cir. 1982)); *see also NLRB v. Industrial Union of Marine and Shipbuilding Wkrs.*, 391 U.S. 418, 424 (1968) ("A proceeding by the Board is not to adjudicate private rights but to effectuate a public policy"). As Congress's exclusive "agent" to enforce the NLRA, the NLRB's cross-application for enforcement is clearly an effort to effectuate public policy. *See Nathanson v. NLRB*, 344 U.S. 25, 30 (1952). Without the NLRB's enforcement action in the Ninth Circuit, ILWU's violations of the NLRA will go unremedied, and both IAM and the employer of the employees at issue will be without redress. The NLRB is statutorily mandated to enforce the NLRA; this Court should determine the automatic stay does not prevent the NLRB from doing so. Accordingly, under either test, the NLRB's enforcement action in the Ninth Circuit is exempt from the reach of the automatic stay.

2. The Consolidated Appeals Should Not Be Subject to the Automatic Stay.

In support of the automatic stay of the consolidated Ninth Circuit proceeding, IAM argues that the NLRB's police and regulatory exemption from the automatic stay does not apply to private parties such as itself. (ECF 79, pp. 4-5, paras 15-17). But the proceedings initiated by the private party petitions for review are against the NLRB – they are not merely private party litigation. They are just as much exercises of the NLRB's police or regulatory power as the NLRB enforcement proceeding, as they are the statutory procedure for obtaining judicial review of NLRB final orders. In each case, the NLRB seeks the same regulatory objective it is pursuing in its cross-application for enforcement: securing an enforceable order from the Ninth Circuit pursuant to its congressionally mandated duty under the NLRA. Thus, the NLRB's function as a respondent in each of the three Section 10(f) appeals is substantially similar to the NLRB's role

as petitioner in the Section 10(e) enforcement action. *See* 29 C.F.R. § 101.14 ("If the respondent does not comply with the Board's order, or the Board deems it desirable to implement the order with a court judgment, the Board may petition the appropriate Federal court for enforcement. Or, the respondent or any person aggrieved by a final order of the Board may petition the circuit court of appeals to review and set aside the Board's order."). Indeed, the appeals and enforcement proceeding are arguably "duplicative," and where a Section 10(e) enforcement proceeding has commenced, "no separate [Section 10(f)] proceeding is needed on the part of the person thus brought into court." *Ford Motor Co. v. NLRB*, 305 U.S. 364, 369-70 (1939). The NLRB's involvement in the three appeals is thus equally intended to enforce the Board Order pursuant to its police and regulatory power, which brings those actions within the scope of Section 362(b)(4).

Moreover, even if there was some private nature to the petitions for review (which there is not), the fact that the NLRB's cross-application for enforcement was consolidated with three petitions for review of the Board Order does not justify subjecting the NLRB's enforcement action to the automatic stay. Just the opposite. The Ninth Circuit consolidated these cases based on the NLRB's uncontested motion informing the Court that the four cases "arise out of the same Board proceeding and involve the same parties, the same legal issues, and the same Board Order." (Docket 23-632, ECF No. 19). Indeed, it is standard procedure that NLRB petitions for enforcement of a Board order are consolidated with private party petitions for review of the same order. Because the four proceedings involve the very same issue -- whether to enforce the Board order -- if the three requests for review remain stayed, then that would have the effect of impeding the NLRB from enforcing the Board Order. Such a result undermines the statutory exception to the stay provided for in Section 362(b)(4) and does nothing to further the

7

Case: 23-30662    Doc# 107    Filed: 12/05/23    Entered: 12/05/23 14:37:58    Page 7 of 11

fundamental purpose of the automatic stay: preserving the property of the Debtor's estate. *See Sternberg v. Johnston*, 595 F.3d 937, 947-48 (9th Cir. 2010) (overruled on other grounds) ("We have explained the purposes of the automatic stay as twofold...enabling the debtor to try to reorganize during a break from collection efforts and protecting creditors by preventing one [] from pursuing its own remedies to the determinant [of others]").

Additionally, the appeals do not fall within the "enforcement of a money judgment" limitation on the police and regulatory exception to the stay, because they will not result in recovery of a claim against the Debtor or interfere with property of the Debtor's estate. Section 362(b)(4) precludes governmental units from "enforc[ing].. a money judgment." 11 U.S.C. § 362. Courts interpret this to allow actions falling within the police and regulatory exception to proceed "'up to and including entry of a money judgment.'" *Cont'l Hagen Corp.*, 932 F.2d at 834, quoting *Edward Cooper Painting*, 804 F.2d at 942-43. Here, the consolidated Ninth Circuit proceeding serves only to determine the rights of the parties. The NLRB will not use the consolidated proceeding to collect monetary amounts from the Debtor's estate; indeed, as noted, there are no such amounts at stake in the proceeding. Should any monetary remedies be realized in subsequent proceedings, the NLRB would seek to secure them exclusively through the pending bankruptcy proceeding. The IAM's description of "potential" future monetary claims arising as a derivative result of the consolidated Ninth Circuit proceeding (ECF 79, p. 5 lines 8-17) is speculative and has no effect on the application of the police and regulatory exception. The IAM's assertion is further undermined by its later acknowledgment that there is no monetary remedy sought in the enforcement proceeding. (ECF 104, p. 2, lines 21-22) ("[t]he only remedy that the NLRB seeks is a notice posting and withdrawal of two grievances by the ILWU.").

Therefore, the requests for review do not constitute the enforcement of a money judgment, fall within the scope of Section 362(b)(4), and are not stayed.

Accordingly, the NLRB requests that this Court grant the ILWU's requested relief and enter an order finding the consolidated Ninth Circuit proceeding, including the NLRB's cross-application for enforcement and the three petitions for review, is not subject to the automatic stay.

Respectfully submitted,

**NATIONAL LABOR RELATIONS BOARD**

*s/ Matheus Teixeira*
MATHEUS TEIXEIRA
*Trial Attorney*
Matheus.Teixeira@nlrb.gov
(202) 273-2959

AARON SAMSEL
*Supervisory Attorney*
Aaron.Samsel@nlrb.gov
(202) 273-1923

Contempt, Compliance, and
   Special Litigation Branch
1015 Half Street, S.E., 4th Floor
Washington, D.C. 20003

Dated this 5th day of December 2023
in Washington, D.C.

# CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December 2023, I filed hard copies of the NLRB's <u>Notice of Appearance of Interested Party</u> and the <u>National Labor Relations Board's Brief in Support of Debtor's Application for the Entry of an Order Providing that the Automatic Stay does not Apply to the Ninth Circuit's Proceedings Enforcing or Vacating an Order by the NLRB</u> with the U.S. Bankruptcy Court for the Northern District of California, San Francisco Division at

> 450 Golden Gate Ave
> Mail Box 36099
> San Francisco, CA 94102

I further certify that counsel of record for the Debtor, Trustee, U.S. Trustee, and IAM have been served by UPS Overnight and email at the following addresses:

Debtor/ILWU:

> Debra I. Grassgreen
> Pachulski Stang Ziehl & Jones LLP
> One Sansome Street
> 34th Floor, Suite 3430
> San Francisco, CA 94104-4436
> dgrassgreen@pszjlaw.com
>
> Beth E Levine
> Pachulski Stang Ziehl & Jones LLP
> 780 Third Avenue
> Ste 34th Floor
> New York, NY 10017
> blevine@pszjlaw.com

Trustee:

> Mark M. Sharf
> 6080 Center Dr., #600
> Los Angeles, CA 90045
> mark@sharflaw.com

U.S. Trustee:

> Jared A. Day
> Office of the U.S. Trustee
> 300 Booth St. #3009
> Reno, NV 89509
> Email: jared.a.day@usdoj.gov
>
> Christina Lauren Goebelsmann
> Department of Justice
> 450 Golden Gate Ave.

5th Floor
Ste 05-0153
San Francisco, CA 9410
Email: christina.goebelsmann@usdoj.gov

International Association of Machinists and Aerospace Workers, District Lodge 160, Local Lodge 289:

DAVID A. ROSENFELD
JOLENE E. KRAMER
Weinberg, Roger & Rosenfeld
1375 55th Street
Emeryville, California 94608
bankruptcycourtnotices@unioncounsel.net
drosenfeld@unioncounsel.net
jkramer@unioncounsel.net

*s/ Matheus Teixeira.*
MATHEUS TEIXEIRA
*Trial Attorney*
Matheus.Teixeira@nlrb.gov
(202) 273-2959


Contempt, Compliance, and
   Special Litigation Branch
1015 Half Street, S.E., 4th Floor
Washington, D.C. 20003