Entered on Docket
December 07, 2023
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: December 7, 2023



_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: | ) Case No. 23-30662 HLB |
| | ) |
| INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, | ) Chapter 11 |
| | ) |
| Debtor. | ) |

**ORDER DENYING DEBTOR'S EX PARTE APPLICATION**

This case came before the court on December 7, 2023 for a hearing on Debtor International Longshore and Warehouse Union's ("ILWU") "Ex Parte Application for the Entry of an Order Providing that the Automatic Stay Does Not Apply to a Pending Appeal Involving a Pre-Petition Regulatory Decision".[1]  ILWU noticed the Application for hearing[2] after it drew opposition from the International Association of Machinists and Aerospace Workers, Machinists District Lodge 160 and Machinists Local Lodge 289 (the "Machinists").[3]  The National Labor Relations Board

---

[1] Dkt. 72 (the "Application").

[2] Dkt. 80.

[3] Dkt. 79.  The Machinists filed a "Further Opposition" on November 30, 2023 (Dkt. 104).  On December 4, 2023, the court struck the Further Opposition as not authorized by the Bankruptcy Local Rules.

(the "NLRB") filed a brief in support of the Application.[4] Appearances were as noted on the record.

The parties do not dispute the events giving rise to the Application. On April 6, 2023, the NLRB issued a decision and order[5] against ILWU. ILWU petitioned the Ninth Circuit Court of Appeals for review of the Apr. 6 Decision, as did the Machinists and the Pacific Maritime Association. The NLRB has filed an application seeking enforcement of the Apr. 6 Decision. All of these matters have been consolidated for adjudication by the Ninth Circuit (the "Appeal").

On October 4, 2023, ILWU filed with the Ninth Circuit a notice of commencement of this bankruptcy case.[6] On October 9, 2023, the Machinists filed with the Ninth Circuit a notice similar to that filed by ILWU, however, the Machinists' notice represented that "[t]he filing of this bankruptcy petition should stay [the Appeal]."[7] On November 2, 2023, the Ninth Circuit issued an order staying the Appeal and setting other deadlines.[8]

ILWU contends that the Ninth Circuit incorrectly stayed the Appeal and seeks an order from this court declaring that the automatic stay does not apply to regulatory actions such as that from which the Appeal arose, pursuant to 11 U.S.C. § 362(b)(4). The Machinists contend that "[t]he exception to the automatic stay [set forth in 11 U.S.C. § 362(b)(4)] for the government's

---

[4] Dkt. 107.
[5] Dkt. 73 (Declaration of Eleanor Morton), Ex. A (the "Apr. 6 Decision").
[6] Dkt. 73, Ex. B.
[7] Dkt. 73, Ex. C.
[8] Dkt. 73, Ex. D.

exercise and enforcement of its regulatory powers does not apply to prosecution of appeals by private parties in an effort to overturn government actions."

The Machinists cite no authority in support of that statement, which ignores the fact that the Appeal arises from an action commenced by the NLRB and ignores Ninth Circuit precedent.[9] That said, if ILWU wants a finding that the Ninth Circuit incorrectly declared the Appeal subject to the automatic stay, it needs to request such relief from the Ninth Circuit – not this court.

Accordingly, and for the reasons stated on the record, the court **ORDERS** that the Application is hereby **DENIED**.

**\*\*END OF ORDER\*\***

---

[9] National Labor Relations Board v. Continental Hagen Corp., 932 F.2d 828, 834 (9th Cir. 1991) ("it is clear that N.L.R.B. actions are generally not affected by the automatic bankruptcy stay.")

## Court Service List

National Labor Relations Board
Contempt, Compliance, and Special Litigation Branch
Attn: Matheus Teixeira and/or Aaron D. Samsel
1015 Half Street SE, 4th Floor
Washington, D.C. 20003