SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
ORI KATZ, Cal. Bar No. 209561
GIANNA SEGRETTI, Cal. Bar No. 323645
KORAY ERBASI, Cal. Bar No. 332877
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
Email         okatz@sheppardmullin.com
              gsegretti@sheppardmullin.com
              kerbasi@sheppardmullin.com

Attorneys for ICTSI Oregon, Inc.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION,<br><br>        Debtor. | Case No. 23-30662 HLB<br><br>Chapter 11 Proceeding<br><br>**ICTSI OREGON, INC.'S MOTION FOR ENTRY OF AN ORDER COMPELLING PRODUCTION OF DOCUMENTS**<br><br>Requested Hearing<br><br>Date:    [to be set]<br>Time:    [to be set]<br>Judge:   Hon. Hannah L. Blumenstiel<br>Place:   Zoom.Gov<br><br>Requested Objection Deadline<br><br>[to bet set] |

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | RELIEF REQUESTED | 1 |
| II. | JURISDICTION AND VENUE | 1 |
| III. | PRELIMINARY STATEMENT | 2 |
| IV. | BACKGROUND | 3 |
| | A. Procedural History | 3 |
| | B. The Debtor's Response to RFP No. 67. | 4 |
| V. | ARGUMENT | 6 |
| | A. Legal Standard | 6 |
| | B. The Court Should Compel the Debtor to Produce the Requested Documents Because They Are Relevant to Plan Confirmation and Producing Them Would Not Unduly Burden the Debtor. | 7 |
| | C. The Debtor Has Failed to Timely Produce a Privilege Log. | 9 |
| VI. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

Page(s)

Cases

*Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*
    408 F.3d 1142 (9th Cir. 2005) .................................................................................... 13, 14

*Epstein v. MCA, Inc.*
    54 F.3d 1422 (9th Cir. 1995) ............................................................................................. 11

*Hallett v. Morgan*
    296 F.3d 732 (9th Cir. 2002) ............................................................................................. 11

*Notice of Appointment of Subchapter V Trustee*
    [Docket No. 17] .................................................................................................................. 7

*Soto v. City of Concord*
    162 F.R.D. 603 (N.D. Cal. 1995) ...................................................................................... 11

*Survivor Media, Inc. v. Survivor Productions*
    406 F.3d 625 (9th Cir. 2005) ............................................................................................. 11

*Wormuth v. Lammersville Union School District*
    2017 WL 2505195 (E.D. Cal. June 9, 2017) .................................................................... 13

Statutes

28 U.S.C. § 157 ......................................................................................................................... 5

28 U.S.C. § 157(b) .................................................................................................................... 5

28 U.S.C. § 1334 ....................................................................................................................... 5

28 U.S.C. § 1408 ....................................................................................................................... 5

28 U.S.C. § 1409 ....................................................................................................................... 5

Bankruptcy Code Chapter 11 ......................................................................................... 5, 6, 7, 8

Bankruptcy Code § 1107(a) ...................................................................................................... 7

Bankruptcy Code § 1108 ........................................................................................................... 7

Bankruptcy Code § 1129 ..................................................................................................... 6, 11

Bankruptcy Code § 1182(1) ...................................................................................................... 7

Bankruptcy Code § 1183(a) ...................................................................................................... 7

Bankruptcy Code § 1191 ................................................................................................ 6

Other Authorities

Civil Local Rule 37-2 ..................................................................................................... 8

Fed. R. Bankr. P. 7034 .................................................................................................. 11

Fed. R. Bankr. P. 7037 ............................................................................................. 6, 11

Fed. R. Bankr. P. 7037 .................................................................................................. 11

Fed. R. Bankr. P. 9014 ............................................................................................. 6, 11

Fed. R. Civ. P. 26(b)(1) ................................................................................................. 11

Fed. R. Civ. P. 26(b)(5) ................................................................................................. 13

Fed. R. Civ. P. 34 ................................................................................................... 11, 13

Fed. R. Civ. P. 34 .......................................................................................................... 11

Fed. R. Civ. P. 37 .......................................................................................................... 11

Fed. R. Civ. P. 37-2 ......................................................................................................... 6

Fed. R. Civ. P. 37(a) ..................................................................................................... 11

Fed. R. Civ. P. 37(a)(1) ................................................................................................... 5

Fed. R. Civ. P. 37(a)(4) ................................................................................................. 11

https://www.dol.gov/agencies/olms/public-disclosure-room .......................................... 6

Local Bankruptcy Rule 1001-2(a) ......................................................................... 6, 8, 9

Local Bankruptcy Rule 9014-1 ...................................................................................... 6

# I. RELIEF REQUESTED

ICTSI Oregon, Inc. ("ICTSI"), as creditor and party in interest in the above-captioned subchapter V chapter 11 case of debtor and debtor in possession International Longshore and Warehouse Union (the "Debtor" or "ILWU") hereby moves the Court (this "Motion") for the entry of an order:

(a) compelling the Debtor to produce non-privileged financial documents responsive to ICTSI's request for production ("RFP") No. 67, including the Debtor's QuickBooks accounting records, general ledger, and bank reconciliations, *in native format*;

(b) compelling the Debtor to produce a privilege log (something the Debtor has agreed to do, but has yet to do); and

(c) granting such other and further relief as is appropriate and just under the circumstances.

This Motion is based on the accompanying memorandum of points and authorities, the declarations of Amanda T. Gamblin (the "Gamblin Declaration") and Paul Navid (the "Navid Declaration") filed contemporaneously herewith, Exhibits 1-17 to the Gamblin Declaration, all pleadings, papers, and records on file with the Court, such other evidence, both oral and documentary, as may be presented to the Court at or before the time of the hearing, and all other matters of which the Court may properly take judicial notice.

As required by Fed. R. Civ. P. 37(a)(1), the undersigned certifies that ICTSI's counsel has in good faith participated in multiple good faith conferrals with Debtor's counsel attempting to reach a consensual resolution of the issues raised in this Motion without the need to seek the Court's intervention. These attempts have been largely successful, such that the lone substantive dispute revolves around the narrow question of the extent of financial information to be provided and whether to provide it in native format so as to make it readily navigable for ICTSI.

# II. JURISDICTION AND VENUE

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory and legal predicates for the relief requested

herein are Rules 9014 and 7037 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Rules 1001-2(a) and 9014-1 of the Local Bankruptcy Rules for the Northern District of California (the "<u>Local Rules</u>"), and Rule 37-2 of the Civil Local Rules for the Northern District of California ("<u>Civ. L.R.</u>").

### III. PRELIMINARY STATEMENT

The deadline for the Debtor to respond to ICTSI's written discovery requests passed on December 22, 2023. Over the course of the past two months, the parties have worked diligently and in good faith to address a variety of discovery-related issues. Fortunately, the parties have been able to resolve nearly all such issues consensually and without the need to seek the Court's intervention. However, despite extensive conferrals between the parties and good faith efforts to reach a resolution, the Debtor has failed to adequately respond to ICTSI's request that the Debtor produce detailed documentation of its finances and recent transaction history, including in native format. These documents are highly relevant to Plan confirmation and understanding the complex financial relationship between the Debtor and its divisions, locals and other related parties. Absent this production, ICTSI will be hamstrung in its ability to fully analyze whether the Debtor has complied with all the provisions of Sections 1129 and 1191 of the Bankruptcy Code in proposing its Plan. The Debtor's refusal to produce these documents, without any assertion of privilege or other adequate justification, has forced ICTSI's hand in bringing this Motion.

While the Debtor has produced some audited financial statements, certain LM-2 filings,[1] and various email communications relating to such documents, the Debtor has failed to produce any of its detailed accounting data, general transaction ledgers, or bank reconciliations, all of which are contained in the Debtor's accounting system, i.e., QuickBooks, and all of which would typically and routinely be produced in a chapter 11 proceeding such as this one. The Debtor does not dispute that it uses QuickBooks for its general accounting, that the Debtor's QuickBooks records contain precisely the kind of detailed financial and transaction history documentation that ICTSI has reasonably requested, or that production of its QuickBooks data would not be unduly burdensome.

---

[1] The Debtor is required to file LM-2 forms annually with the Department of Labor. The Debtor's LM-2 forms are publicly available and can be accessed at: https://www.dol.gov/agencies/olms/public-disclosure-room.

-2-
Case: 23-30662    Doc# 136    Filed: 01/02/24    Entered: 01/02/24 17:49:25    Page 6 of 16
ICTSI'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Nor has the Debtor specifically asserted any privilege over such documents. Nevertheless, the Debtor has affirmatively represented to ICTSI that it will not produce any of its QuickBooks records or other similar financial information.

Financial documents are critical to understanding whether the Debtor's Plan accounts for all assets (including claims) that are available to the Debtor's estate for distribution to creditors. In addition, detailed financial information and transaction history, beyond that which the Debtor has already produced, is essential to understanding the nature and extent of the entanglements between the Debtor, CLD, PLMA and a myriad of other divisions and locals. After an exhaustive conferral described in detail in the Gamblin Declaration, Debtor refuses to produce, and ICTSI requests that the Court order Debtor to produce non-privileged financial documents responsive to ICTSI's RFP No. 67, including the Debtor's QuickBooks accounting records, general ledger, and bank reconciliations, in native format.

Separately, while Debtor has indicated that it will produce a privilege log, it has yet to do so as of the date of this filing and has yet to commit to a deadline to do so. In light of the tight timing of the plan confirmation schedule, ICTSI moves out of an abundance of caution to compel production of Debtor's privilege log, but assumes that Debtor will make such production long before any hearing on this Motion, thus likely mooting this aspect of the Motion.

## IV. BACKGROUND

### A. Procedural History.

On September 30, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. In its petition, the Debtor identifies itself as a small business debtor under section 1182(1) of the Bankruptcy Code, and the Debtor has elected to proceed under subchapter V of chapter 11 of the Bankruptcy Code. On October 2, 2023, the United States Trustee filed its *Notice of Appointment of Subchapter V Trustee* [Docket No. 17] appointing Mark Sharf as the Subchapter V Trustee in this case pursuant to section 1183(a) of the Bankruptcy Code.

On November 2, 2023, the Debtor filed its first amended *Plan of Reorganization for*

*Small Business Under Chapter 11* [Docket No. 60] (the "Plan"). On December 6, 2023, the Court entered an *Amended Order Setting Schedule in Connection with Plan Confirmation Process and Related Deadlines* [Docket No. 116] (the "Amended Scheduling Order"). The Amended Scheduling Order established various deadlines in connection with confirmation of the Plan, including setting (a) December 1, 2023 as the last day for any party to serve discovery requests (the "Discovery Request Deadline"), and (b) December 22, 2023 as the fact discovery deadline (other than for depositions) (the "Fact Discovery Deadline").

On December 21, 2023, the Bankruptcy Court entered an *Order Approving Stipulation to Continue Deposition Deadline and Other Dates in Connection with Plan Confirmation Process* [Docket No. 134] (the "Continuance Order"). The Continuance Order established February 9, 2023 as the deadline to complete depositions (the "Deposition Deadline").

ICTSI timely served four sets of RFPs and three sets of interrogatories on the Debtor prior to the Discovery Request Deadline. The RFPs were served on the following dates, respectively: (a) October 19, 2023; (b) November 8, 2023; (c) November 22, 2023; and (d) December 1, 2023. The interrogatories were served on the following dates, respectively: (a) October 19, 2023; (b) November 8, 2023; and (c) November 22, 2023.

The Debtor served responses and objections to each set of ICTSI's RFPs and interrogatories. The Debtor served its responses and objections to: (a) ICTSI's first sets of RFPs and interrogatories on November 1, 2023; (b) ICTSI's second sets of RFPs and interrogatories on November 22, 2023; (c) ICTSI's third set of RFPs on December 6, 2023; and (d) ICTSI's fourth set of RFPs and third set of interrogatories on December 15, 2023.

**B.     The Debtor's Response to RFP No. 67.**

Over the course of the last sixty days, the parties have met and conferred numerous times, both formally and informally over the Debtor's responses to ICTSI's discovery requests.

Pursuant to Civ. L.R. 37-2, as incorporated by Local Rule 1001-2(a), RFP No. 67 and the Debtor's response thereto are set forth in full below:

**RFP No. 67:**     Documents and communications related to any of the ILWU's audited or unaudited profit and loss statements, balance sheets, detailed cash flow reports, detailed budgets, detailed general

|   |   |   |
|---|---|---|
| | | ledgers, and similar financial documents, periodic trial balances, bank statements, general transaction ledgers, and periodic cash reconciliations. |
| | **Debtor's Response:**[2] | The Debtor objects to this Request to the extent that it seeks information covered by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or exemption. The Debtor further objects to this Request as duplicative of Request for Production No. 7 contained in ICTSI's First Set of Requests for Production (the "First Set of RFPs"). Subject to and without waiving the foregoing objections and the General Objections, non-privileged responsive documents from the Relevant Period will be produced in response to Request for Production No. 67 to the extent that they have not been previously produced in response to discovery served in this Contested Matter. |

To date, the Debtor has only produced certain quarterly audited financial statements, certain LM-2 forms that the Debtor is required to publicly file annually with the Department of Labor, and various email communications related to the preparation of the same. The documents that the Debtor has produced provide only an incomplete window into the Debtor's financial activities and operations. Moreover, as ICTSI's counsel has communicated to Debtor's counsel, the produced documents alone are wholly insufficient for purposes of analyzing whether the Debtor's Plan can and should be confirmed.

On December 27, 2023, ILWU and ICTSI conferred for nearly an hour by video conference with respect to various then outstanding discovery issues, including the Debtor's response to RFP No. 67. As agreed during the parties' conferral, ICTSI's counsel sent a letter to Debtor's counsel summarizing ICTSI's requests that were discussed during the conferral.[3] Gamblin Dec., Exhibit 13. On December 28, Debtor's counsel responded to the email from ICTSI's counsel and attached a letter addressed to ICTSI's counsel in which it purported to respond to ICTSI's concerns. *Id.* at Exhibits 14, 15. In its letter, Debtor's counsel refused to provide any further financial records,

---

[2] RFP No. 7, referred to in Debtor's Response to RFP No. 67, is reproduced below for reference:

All financial statements or information of the ILWU, including any division or part of the ILWU that keeps such statements or information separately, dated from January 1, 2012, to the present, including detailed profit and loss statements, balance sheets, detailed cash flow reports, detailed budgets, detailed general ledgers, and similar financial documents.

[3] ICTSI has consistently endeavored to confer in good faith throughout the discovery process, as detailed more fully in the Gamblin Declaration.

including QuickBooks.  The email exchange regarding RFP No. 67 is as follows:

**ICTSI's Request:** You will discuss with your client whether it will produce the QuickBooks data, or at least its general ledger.  As we discussed, we do not have access to ILWU's auditor as he has refused to accept service or appear for a deposition.  But even if he were available, creditors are entitled to evaluate ILWU's schedules and projections, which of course are predicated on past books.  QuickBooks data would include accounts payable and accounts receivable with other related entities, detail regarding financial transactions with other related entities, and bank reconciliations in a native format.  Without it, we cannot perform an evaluation of Debtor's audited financial statements, the financial relationships between the parties, or its projections.

**Debtor's Response:** The Debtor will not produce QuickBooks data.  We have produced quarterly audited financials, annual LM-2's, and the emails between the Debtor and its auditors concerning the quarterly audit.  In addition, we have reached out to counsel for the auditor and are attempting to reach agreement with the auditor to sit for a deposition by Zoom.[4]

As ICTSI's counsel has raised with Debtor's counsel during its various formal and informal conferrals, including above, the Debtor's production thus far in response to RFP No. 67 has been insufficient.  After ICTSI's exhaustive good faith conferral beginning on November 3, 3023 and continuing through December 28, 2023, the Debtor has failed to adequately respond to RFP No. 67 requesting financial information or produce a privilege log.  While mediation has been scheduled for January 5 and 8 and the parties are hopeful they will make progress toward settlement, to the extent mediation efforts are unsuccessful, 11 depositions have been scheduled beginning on January 16.  Specifically, the Debtor's financial witnesses, Rebecca Contreras and Edwin Ferris, are the first two witnesses scheduled.  ICTSI will be prejudiced if the Debtor fails to produce responsive documents prior to the commencement of the depositions and the deadline for ICTSI to file its objection to Plan confirmation.  Thus, ICTSI is left with no choice but to file this Motion.

## V. ARGUMENT

**A. Legal Standard.**

"The Federal Rules of Civil Procedure creates a 'broad right of discovery' because 'wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the

---

[4]  ICTSI has been unsuccessful in its attempts to serve subpoenas on the Debtor's auditor, Haile Girma & Co., to appear at a deposition and produce documents.

search for the truth.'" *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) (quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). While the right to obtain discovery is not unlimited, litigants "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Relevant information for purposes of discovery is information "reasonably calculated to lead to the discovery of admissible evidence." *Survivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992) (citation omitted)). "[T]he question of relevancy should be construed liberally and with common sense and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (internal quotations omitted). Trial courts have broad discretion in determining relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

Pursuant to Fed. R. Civ. P. 37, made applicable to this contested matter by Bankruptcy Rule 7037, the court may enter an order "compelling an answer, designation, production, or inspection" where a party "fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a); Fed. R. Bankr. P. 7034, 7037, 9014 (applying Fed. R. Civ. P. 34 and 37 to contested proceedings). For purposes of such a motion, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4); Fed. R. Bankr. P. 7037, 9014.

**B. The Court Should Compel the Debtor to Produce the Requested Documents Because They Are Relevant to Plan Confirmation and Producing Them Would Not Unduly Burden the Debtor.**

ICTSI's discovery requests relating financial information of the Debtor and its divisions, locals and other related parties, go to the heart of plan confirmation, including the critical question of whether the Plan meets the "best interests" of creditors test under section 1129(a)(7)(A) and whether the Plan has been proposed in "good faith." 11 U.S.C. § 1129. ICTSI is the Debtor's largest unsecured creditor and tellingly, the only impaired creditor under the Plan. Accordingly, central to the confirmation hearing will be a determination regarding whether the Plan provides for distributions to ICTSI in an amount not less than what ICTSI would receive in a hypothetical chapter

liquidation. And the answer to that question turns on whether the Debtor has adequately disclosed what estate assets are available to satisfy ICTSI's claim.

To date, Debtor has produced its quarterly audited financial statements, annual LM-2 filings with the Department of Labor, certain bank statements, and various communications related to the same. However, many of these documents are in PDF format and cannot be imported into a spreadsheet for examination. ICTSI requested that the Debtor export accounting data from its QuickBooks system, which houses all critical financial records, including financial statements, transactions between ILWU and its related entities, general ledgers, and trial balances. *See* Navid Decl., at ¶ 3. Direct access to the Debtor's QuickBooks records is imperative for thoroughly reviewing, and scrutinizing, and ensuring the accuracy and reliability of the Debtor's financial reporting. *See id.* The production of the QuickBooks data and other requested financial information will clarify ILWU's valuation, support or not support the Debtor's liquidation analysis, assess if Debtor funds have been commingled with other entities, determine if assets have been improperly transferred out of the estate, whether claims exist against the related entities, and verify if the Debtor operates as an independent entity with financial autonomy. *See id.*

This data can be easily exported and would demonstrate whether Debtor tracks debts it owes to affiliated entities as accounts payable or money owed to it from said entities as accounts receivable. It would show bank reconciliations, which have detailed transaction information and include a general ledger that would show the specific financial transactions between and among the related entities and divisions. In addition, Debtor's projections and liquidation analysis must be assessed for reasonableness. For example, Debtor projects a significant decline in FY 2023 revenue. Debtor has not produced financial records that support this sudden decline. ICTSI's retained financial expert, Province, LLC, cannot adequately analyze the Debtor's financial projections or other financial evidence offered in support of its Plan without reviewing the requested documents.

Without the Debtor's detailed financial information, in native format, ICTSI has no way of adequately assessing Debtor's representations regarding its Plan. While Debtor claims it will produce responsive documents, it has either not done so, or it has not done so in a useable native format. ICTSI's instructions specifically requested all data in native format, *an instruction to which*

*ILWU did not object.* Gamblin Dec., Exhibit 3. Therefore, ICTSI cannot adequately determine its position with respect to the Plan without first reviewing the Debtor's detailed financial information and examining the financial interrelatedness of the various ILWU divisions and entities and to verify the debtor's financial statements and projections.

Here, only the Debtor's QuickBooks accounting records, general transaction ledgers, and bank reconciliations will show whether and to what extent the Debtor has transferred union assets to other entities, and to what extent other affiliated or related entities have supported or are obligated to the Debtor. Moreover, ICTSI cannot adequately prepare for upcoming depositions of the Debtor's officers and employees, including its Secretary-Treasurer, bookkeeper, and accountants, without reviewing this detailed financial information.[5]

Thus, because the requested documents are relevant to whether the Debtor's plan should be confirmed, or is even confirmable in the first instance, the requested documents are relevant to Plan confirmation and the Court should compel the Debtor to produce them.

**C.     The Debtor Has Failed to Timely Produce a Privilege Log.**

The Ninth Circuit has held that "boilerplate objections or blanket refusals' are not sufficient to assert a privilege." *Wormuth v. Lammersville Union School District*, 2017 WL 2505195, at *3 (E.D. Cal. June 9, 2017) (citing *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005)).

Further, in *Burlington Northern*, the Ninth Circuit considered whether the defendant waived its privilege objections by omitting a privilege log from its discovery responses. Id. at 1147-50. The court reviewed Fed. R. Civ. P. 26(b)(5), which requires a responding party to expressly make a claim of privilege and describe the documents covered by the privilege, in conjunction with Fed. R. Civ. P. 34, which requires that written responses to discovery requests be served within thirty days of service of the request. *Id.* at 1147–49. The court rejected a bright line test for waiver of the privilege, opting instead for a "holistic reasonableness test." *Id.* at 1149. The court held "boilerplate objections or blanket refusals" are insufficient to assert a privilege, but also characterized the thirty-

---

[5] The depositions of the bookkeeper and Secretary-Treasurer are currently scheduled to take place during the week of January 15, 2024.

day period as a default guideline, not a per se time bar, to consider case by case, taking into account the following factors: (1) the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); (2) the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); (3) the magnitude of the document production; and (4) other particular circumstances of the litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of discovery in an earlier action) or unusually hard. *Id.*

In its responses and objections to ICTSI's RFPs and interrogatories, the Debtor has asserted various privileges and has withheld responsive documents on that basis. For example, as recently as December 28, 2023, Debtor's counsel has stated that it has not produced any documents in response to RFP No. 31 because all responsive documents are "covered by the attorney-client privilege, the attorney work-product doctrine and the common interest doctrine." *See* Gamblin Dec., at Ex. 14. It is impossible for ICTSI to assess the validity of boilerplate assertions of privilege such as these, which is precisely why omitting privilege logs from discovery responses can result in a the producing party waiving the privileges being asserted.

While the Debtor has promised to provide a privilege log to ICTSI, no deadline has been set and the further passage of time is potentially prejudicial to ICTSI in light of the compressed schedule for completing depositions and contesting Plan confirmation.

## VI. CONCLUSION

WHEREFORE, ICTSI respectfully requests that the Court grant this Motion and enter an order: (a) compelling the Debtor to produce non-privileged financial documents responsive to ICTSI's RFP No. 67, including the Debtor's QuickBooks accounting records, general ledger, and bank reconciliations, in native format; (b) compelling the Debtor to produce a privilege log; and (c) granting such other and further relief as is appropriate and just under the circumstances.

Dated: January 2, 2024

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  /s/ *Ori Katz*
ORI KATZ
GIANNA SEGRETTI
KORAY ERBASI

Attorneys for ICTSI Oregon, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2024, I caused to be served by electronic mail a true and accurate copy of the foregoing to all counsel of record.

                                                /s/ *Ori Katz*
                                                ORI KATZ