Entered on Docket
February 22, 2024
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: February 22, 2024

_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

---

PACHULSKI STANG ZIEHL & JONES LLP
Debra I. Grassgreen (CA Bar No. 169978)
Jason H. Rosell (CA Bar No. 269126)
One Sansome Street, Suite 3430
San Francisco, California 94104
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail: dgrassgreen@pszjlaw.com
jrosell@pszjlaw.com

*Counsel to the Debtor*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION,<br><br>Debtor. | Case No. 23-30662-HLB<br><br>Chapter 11<br><br>**ORDER DISMISSING THIS CHAPTER 11 CASE PURSUANT TO SECTIONS 305(a) AND 1112(b) OF THE BANKRUPTCY CODE**<br><br>Hearing Held:<br><br>Date: February 22, 2024 at 10:00 a.m.<br>Place: Zoom / Telephonic<br>Judge: Hon. Hannah L. Blumenstiel |

The *Debtor's Motion for Entry of an Order Dismissing This Chapter 11 Case Pursuant to Sections 305(a) and 1112(b) of the Bankruptcy Code* [Docket No. 148] (the "Motion")[1] filed by the International Longshore and Warehouse Union (the "Debtor"), the debtor and debtor-in-possession in the above-captioned bankruptcy case (the "Case"), came before the Court for hearing on February 22, 2024 at 10:00 a.m. (Pacific Time). Appearances were as noted on the record. Based upon the Court's review of the Motion, the declarations and other pleadings filed in support of the Motion, the arguments of counsel at the hearing on the Motion, all pleadings and evidence of record in this Case; and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion

---

[1] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

SF 4864-1175-3118.1 42339.002

and the hearing were sufficient and proper, and (d) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**.

2. Pursuant to sections 305(a) and 1112(b) of the Bankruptcy Code, the Case is hereby dismissed.

3. Notwithstanding section 349 of the Bankruptcy Code, all orders of the Court entered in the Chapter 11 Case shall remain in full force and effect despite the dismissal of the Case; *provided*, *however*, notwithstanding any order to the contrary, Debtor's professionals retained pursuant to section 327 of the Bankruptcy Code in this Case, including Pachulski Stang Ziehl & Jones LLP and Paladin Management Group, LLC, are excused from filing applications to be compensated in accordance with section 330 and 331 of the Bankruptcy Code. For the avoidance of doubt, upon entry of this Order, the Debtor is authorized to pay such professionals in the ordinary course of business without further order of the Court.

4. Notwithstanding the dismissal of the Case, the Court shall retain jurisdiction for the purpose of ruling on the Subchapter V Trustee Fee Claim, which shall be filed on or before thirty (30) calendar days after the entry of this Order.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

**\*\* END OF ORDER \*\***